## Case No. 557.

### ARNOLD v. DEXTER.

[4 Mason, 122.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1825.

LIMITATIONS—ACKNOWLEDGMENT—NOTE AS GOOD AS MONEY.

If a party says, on his promissory note's being produced to him, that it is as good as money, this is sufficient evidence of a new promise to take the case out of the statute of limitations.

[See Cowan v. Magauran, Case No. 3,292; In re Reed, Id. 11,635; Penaro v. Flournoy, Id. 10,916; Otterback v. Brown, 2 MacArthur, 541; City of Ft. Scott v. Hickman, 112 U. S. 150, 5 Sup. Ct. 56. For cases in which particular acknowledgments were held insufficient, see Clementson v. Williams, 8 Cranch, (12 U. S.) 72; Thompson v. Peter, 12 Wheat. (25 U. S.) 565; Moore v. Bank of Columbia, 6 Pet. (31 U. S.) 86.]

At law. Assumpsit [by Samuel G. Arnold against Edward Dexter] on a note dated 16th February, 1815, for $666.80, payable to plaintiff or order. Plea, general issue and statute of limitations, and issue thereon. The suit was commenced on the 12th of May, 1824. At the trial the execution of the note was admitted. It was farther proved, that on the 14th of May, 1818, the plaintiff sent an agent to the defendant with the note, with directions to enter an indorsement on it for a sum, which the defendant claimed to be due to him from the plaintiff in some other right. The defendant, on that occasion, declined to have the indorsement made on the note, but it was made, and the defendant said that his note was as good as money.

William A. Burgess, for plaintiff, contended that this was sufficient evidence of a new promise within six years.

Mr. Searle, for defendant, argued e contra.

STORY, Circuit Justice. I think the evidence sufficient to establish a new promise, and to take the case out of the statute of limitations. The defendant did not deny the validity of the note, but, on the contrary, admitted it to be as good as money. How could this be, unless he meant that the money was still due on it, and he was responsible to pay it? I will leave the facts, however, to be passed upon by the jury.

Verdict for the plaintiff.