### James Dinsmore *versus* Thomas Dinsmore & *al.*

To take a contract out of the operation of the statute of limitations, it is not necessary that the admission of indebtedness should be in any very precise or set terms. It is sufficient, if the evidence be such, that it can satisfactorily be deduced, that the party to be charged meant to be understood, that he owed the debt.

Nor is it necessary, that the precise amount due should have been named by the party to be charged in his acknowledgment. It is quite sufficient, if he admits an amount to be due nearly approximating to the amount claimed; and the precise amount may be proved *aliunde.*

A new promise, made by one of two joint and several promisors, will take the case out of the operation of the statute of limitations as to both.

Assumpsit upon a joint and several promissory note, given by the defendants to the plaintiff. The facts stated in the report of the case are all to be found at the commencement of the opinion of the Court.

*J. S. Abbott,* for the defendants, contended that the acknowledgment of one of two joint and several promisors made after the demand has already become barred by the statute, is not sufficient to take it out of the operation of the statute of limitations. *Sigourney* v. *Drury,* 14 Pick. 387.

But here was no promise to pay, and no acknowledgment that any thing was due on this demand. It is not sufficient to bring the case within the later decisions on the statute of limitations. *Perley* v. *Little*, 3 Greenl. 97; *Porter* v. *Hill*, 4 Greenl. 41; *Deshon* v. *Eaton*, ib. 413; *Thayer* v. *Mills*, 14 Maine R. 300. It was a mere agreement to do an act afterwards on a condition, which was never performed. *McLellan* v. *Allbee*, 17 Maine R. 184.

The testimony is not sufficient to prove that the conversation, be it a promise or not, related to the note sued in this action. It could not be understood to apply to a debt due from him and from another. The particular debt must be specified. *Pray* v. *Garcelon*, 17 Maine R. 145.

*Boutelle*, for the plaintiff, said that it was well settled, that the new promise of one of several joint and several promisors was sufficient to take the demand out of the statute as to all.

Here was an acknowledgment of present indebtedness, and a promise to pay also. There was no condition in the promise. No time being fixed, it was to be done on demand, within a reasonable time to get the note from Gardiner. *Barnard* v. *Bartholomew*, 22 Pick. 291; *Cambridge* v. *Hobart*, 10 Pick. 232; *Whitney* v. *Bigelow*, 4 Pick. 110.

The promise refers directly to this note. No other was mentioned, and the sums were nearly the same. If any other demand existed between the parties, it was incumbent on the defendants to show it. *Bailey* v. *Crane*, 21 Pick. 323; *Barnard* v. *Bartholomew*, before cited.

The opinion of the Court was drawn up by

W HITMAN C. J. — The plaintiff's declaration is on a note of hand for $217,67, with interest, bearing date Oct. 17, 1831. The reliance in defence is upon the statute of limitations. To avoid the operation of the statute the plaintiff introduced a witness who testified, that, about two or three years previous to the time of trial, he was owing the defendant, Thomas Dinsmore, a large sum of money; and that the plaintiff applied to him (the witness) to become accountable to him (the plain-

tiff) for a debt, which, he said, the said Thomas was owing him, of two or three hundred dollars ; that he, the witness, assented to do so, if said Thomas would agree to it ; that the plaintiff thereupon requested the witness to converse with said Thomas on the subject ; that he soon after saw him, and stated to him, that the plaintiff had spoken to him to see if he could make a turn of the amount he owed the plaintiff, being two or three hundred dollars ; and asked him if the plaintiff had spoken to him about it. He replied, yes ; —That he, the witness, then inquired of him if he was willing, or had concluded to do it. He said he was, when he should have got his note against the witness ; that it was at Gardiner ; and that he should get it when he could see his son there. Upon this evidence the parties agreed, that a default should be entered ; but that, if the Court should be of opinion that the evidence was sufficient to obviate the effect of the statute, the default was to stand, otherwise that it should be taken off, and a nonsuit entered.

It is contended, that the evidence introduced does not show an acknowledgment of indebtedness ; and if it does, that it does not show, that the note in question was the indebtedness referred to in the acknowledgment.

As to the first of these points, it is clearly not necessary, that the admission should be in any very precise set terms. It is sufficient if the evidence be such, that it can satisfactorily be deduced, that the party to be charged meant to be understood to concede, that he owed the debt. Even his acts may be sufficient for the purpose ; for a man's acts sometimes indicate more satisfactorily the operations of his mind even than his words. Hence the payment of a part of the debt is a tacit acknowledgment of indebtedness for the residue. If there be items in a running account, some of which were within, and some not within six years, the whole would be unaffected by the statute. If A should request B to pay part of a note which C held against him, and charge it to him, A, could any one doubt that it would take the note out of the statute, although B should not comply with the request ? In

the case at bar the defendant, Thomas Dinsmore, admitted that the plaintiff had requested him to set off the debt, which the witness owed him, to the amount of two or three hundred dollars, and that he had consented to do so, by way of payment of the same amount due from him to the plaintiff. He only excused himself from doing it at that time, because the note, which he held against the witness was not then at hand. The witness and the defendant must have understood each other, at the time ; and that the negotiation was to be perfected, whenever the latter should have obtained his note from Gardiner. The conversation between them could have imported nothing else. It was in effect, not only a recognition of a debt due to the plaintiff, but a promise to pay it in the mode proposed.

In the case of *Greenleaf & al.* v. *Quincy & al.* 3 Fairf. 11, Mr. C. J. WESTON, speaking of a certain conversation, between a witness in that case and one of the defendants, remarked, that "this, of itself, did not amount to a clear admission of existing indebtedness ; but the witness, who was authorized to demand the debt for the plaintiffs, understood him (the defendant) to assent to his proposition, that it should be turned against one, which was due from the witness to .his (the defendant's) brother. What the witness understood, the jury must have found to be true." And the verdict was sustained. In *Arnold* v. *Dexter*, 4 Mason, 122, the defendant, on having his note presented to him for payment, remarked, that it was as good as money. Here was no direct acknowledgment of indebtedness ; nor any promise to pay the amount named in the note. It was held, nevertheless, that it was tantamount to both. The note could not be as good as money unless it was actually due ; nor unless he meant to pay it.

As to the recognition by Thomas Dinsmore, if made deliberately and understandingly, it was for him to show, that it referred to some debt, other than the one in question, if such were the fact. Mr Justice Morton, in *Baily* v. *Crane*, 21 Pick. 123, where the statute was set up in defence, remarked, that, "as the defendant has not shown that there was any

other debt due from him to the plaintiff, his letter, containing an acknowledgment, must be presumed to apply to the note in suit." And Mr. C. J. Parker, in *Whitney* v. *Bigelow*, 4 Pick. 110, a case of a defence grounded upon the statute, in which the defendant had said to a third person, that he was going to see the plaintiff; and complained that the plaintiff was driving him too fast; and that he was willing to pay, but could not get the money; remarked, that, whether the declarations referred to this debt or some other, "was a fact to be *tried by the jury*. And they were at liberty to infer the fact from the circumstances proved; and no other debt or demand against the defendant, and in favor of the plaintiff, being shown to exist, we do not well see how any other inference could be made." And the decision in *Baillie* v. *Lord Inchiquin*, 1 Esp. Cases, 435, is explicitly to the same effect. The burthen of proof, in such cases, is most clearly upon the defendant. In the case at bar there is not even the slightest pretence, that the acknowledgment could have reference to any other debt. No suggestion of the kind appears to have been made.

It is not important, that the precise amount due should have been named by the defendant in his acknowledgment. It is quite sufficient that he admitted an amount to be due nearly approximating to the amount claimed. The precise amount may be proved *aliunde*. In *Bird* v. *Gammon*, 3 Bing. N. C. 883, Mr. C. J. Tindal said, that "a general promise in writing, not specifying the amount, but which can be made certain as to the amount by extrinsic evidence, is sufficient to take the case out of the statute of limitations," and all the other Judges expressed themselves to the same effect in that case. In *Barnard* v. *Bartholomew*, 22 Pick. 291, an objection of this kind was considered and overruled. It was adjudged, that, as the plaintiff had, by other evidence, made that certain and definite which was general and indefinite in the admission, it was sufficient.

It was contended in argument, in the case at bar, that, this being a joint and several note, the admission of one would not bind both; and the case of *Sigourney* v. *Drury*, 14 Pick.

387, was cited in support of the position. That case, however, was assumpsit on a joint and several promise; and the payment of interest by one within the six years, was held to take the case out of the statute against both. Mr. C. J. Shaw, however, in the course of his elaborate reasoning, in that case, suggests, that if the admission were merely oral, or after the six years had elapsed, so that the statute had become a bar, it would deserve consideration whether it should be allowed to revive the promise against both; and seems to be inclined to think that it would not; but reserves himself for the consideration of those questions, when they shall require a decision. His doubts would seem to have been suggested by what fell from Mr. Justice Bayley, in Atkins v. Tredgold, 2 Barn. & Cres. 23. That cause, however, was not decided upon any such ground; and the language of the learned Judge was an obiter dictum. The question there, was, whether a payment of interest by a surviving co-promisor revived a debt against the executors of the deceased promisors; and it was held, that it did not; as the death of one rendered the contract several against the survivor,

But there would seem to be much reason for considering the doubts of Mr. C. J. Shaw as controlled by the case of Whitcomb v. Whiting, 2 Doug. 652, in which Lord Mansfield, and his associates, clearly contemplated no such exception; and his Lordship emphatically places an admission, by a partial payment, and by verbal acknowledgment, upon the same ground. And in Perham v. Raynal & al. 2 Bing. 306, Mr. C. J. Best remarked, that it had been supposed the decision in Whitcomb v. Whiting, was not law; but, said he, "I should be slow to decide that any thing, which fell from Lord Mansfield is not law." The C. Justice, in the same case, remarked, if the acknowledgment of one, where only one is sued, will prevent the operation of the statute of limitations, so also will the acknowledgment of one, where three are sued. If we were to decide otherwise we should establish an anomaly in the law; because in other cases an acknowledgment of one of many, who are jointly concerned, is binding on the others."

The C. Justice, at the time, had the case of *Atkins* v. *Tred-gold* before him; and if there were any such exception, as intimated by Mr. Justice Bailey, it is inconceivable that he should not have noticed it, as it would have tended directly to negative the generality of his position, that when one of many in a joint concern makes an admission, it is binding on the whole; and to introduce the supposed anomaly into the law. Doubts upon this point may have arisen from looking at the admission, necessary to take a case out of the statute of limitations, as constituting a new, independent and substantive promise, which all the authorities go to show that it does not.

In *Smith, adm.* v. *Ludlow & al.* 6 Johns. 267, it appeared, that the defendants dissolved a partnership, before existing between them, on the 31st of December, 1801, and gave due notice of it; and in June, 1808, one of the defendants made an acknowledgment, which the Court considered suffi cient to bind both the defendants. This was more than six years after the debt accrued. It did not occur to the learned Court, that, because six years had elapsed, one of the defendants could not revive the debt against both. And in *Patterson* v. *Patterson,* 7 Wend. 441, where a verbal admission was made, twelve years after the dissolution of a copartnership, by one of the copartners, that a debt was due, the same decision was repeated, without the slightest allusion to any question, arising from the lapse of time between the dissolution and the acknowledgment; or from its being a verbal, instead of a written admission. It is believed, that before the passage of the late English statute, requiring all admissions, to take a case out of the statute of limitations, to be in writing, no doubt has ever existed, that a verbal admission for the purpose was equivalent to an admission in writing. Upon a careful review of the circumstances of this case, and the authorities bearing upon them, we are of opinion, that the default must stand; and that judgment be entered accordingly.