SAMUEL QUIMBY *versus* CYRUS PUTNAM.

Under the provisions of the Revised Statutes of this State, (c. 146, § 24) a payment made by one of two joint promisors, in the presence of the other, will not be evidence of a new promise made by both.

EXCEPTIONS from the Middle District Court, RICE J. presiding.

This was an action of assumpsit, commenced April 24th, 1847, upon a joint note signed by the defendant and one Ira Putnam, bearing date November 7th, 1839, and payable on the 24th of May, then next, with interest. On the back of the note is an indorsement of $30,71, dated Jan'y 11th, 1842. Ira Putnam deceased, Oct. 15th, 1843. The defendant pleaded the general issue (which was joined) and filed a brief statement, alleging that the cause of action did not accrue within six years before the commencement of the suit.

There was evidence tending to prove that the indorsement was made when both the signers were present, and also tending to prove that the defendant was not present ; and also evidence tending to prove that the payment was by way of an account receipted, which Ira Putnam had against the plaintiff. There was also evidence to show, that since the commencement of this action, the defendant said that the indorsement or payment on the note, was made by way of the settlement of an account which they had against the plaintiff, and that the indorsement was made by his brother Ira, for he was present and saw him write it. The original papers are on file and may be referred to by either party, but are not to be copied. The jury returned a verdict for the defendant.

The principal question in this action was, whether the promise or cause of action was or was not barred by the statute of limitations.

The presiding Judge instructed the jury that if they found that the payment was made out of the funds of the defendant, with his knowledge and consent, or out of the joint funds of the promisors, with the knowledge and consent of the defendant, then the plaintiff was entitled to recover ; but if they found

420        KENNEBEC.

Quimby *v.* Putnam.

that the payment was made by Ira Putnam, the deceased promisor, as indorsed, from his individual means, though defendant was present, still he is not to be charged. To which instructions and directions the plaintiff excepted.

*Fuller & Gile,* for the plaintiff.

The exceptions filed and allowed in this case show, that this was an action commenced April 24th, 1847, on a joint note, made to the plaintiff by defendant and one Ira Putnam (since deceased) bearing date Nov. 7th, 1839, for $87,36, payable May 24th, 1840, with interest; and on the eleventh day of January, 1842, $30,71 paid and indorsed by one of the signers, but not certain which. Ira Putnam died October, 1843. This action was commenced against Cyrus Putnam, the surviving promisor. Both defendant and deceased were present at the time of the indorsement, which was made on a settlement of accounts by the parties.

But for this indorsement the note would have been barred by the statute of limitations, and the only question before the Court and jury was, whether this indorsement, made by one of the promisors, both being present when made, did or did not revive the promise or cause of action against both for the term of six years, from the date of the indorsement, or create a new promise for the balance then due. And this would seem to depend entirely on the construction to be given to the statute of 1841, chapter 146, sections 23 and 24, which are an exact copy of the Revised Statutes of Massachusetts, chapter 120, sections 17 and 18; and in every essential particular a copy of the English statute commonly called Lord Tenderden's bill — and this bill or act having received a judicial construction in England, by their most eminent jurists, prior to its adoption or passage in Massachusetts, it is a fair presumption of law, that in adopting the language of the English statute, they also intended to adopt the construction which had there been given to it; and that our Legislature in making an exact copy in this respect from that of Massachusetts, adopted the same rule of construction. If so, the effect of actual payment and indorsement on notes of hand by one of two or more joint

promisors, remains the same as at common law, and unaffected by the statute; and more especially, when made with the privity or acquiescence of the other promisors.

If this be a correct construction, the instructions given to the jury by the presiding Judge, were clearly wrong, and the plaintiff ought not to be prejudiced by it. If the defendant did not make the indorsement with his own hand, he was present and privy to the transaction and shared equally with the deceased in the benefits. The indorsement being made on a joint note with the privity of the defendant, was a joint indorsement, and the jury should have been so instructed. *Sigourney* v. *Drury,* 14 Pick. 387, and cases there cited. *Sigourney et al.* v. *Wetherell et al.* 6 Metc. 553; *Williams* v. *Gridley,* 9 Metc. 482; *Commonwealth* v. *Dudley,* 10 Mass. R. 403.

*H. W. Paine,* for the defendant.

The fact of payment, as evidenced by the indorsement on the note, is not denied.

Was it such a payment as should deprive the defendant of the benefit of the statute?

It is conceded, that before the revision of our statutes, payment made by one of several joint promisors, would prevent the operation of the statute as to the others. But it is submitted, that sections 23 and 24 of c. 146, Revised Statutes, have entirely changed the law.

The 23d section provides in substance, that payment of a part shall have the same effect which it did have before the revision.

But section 24 provides that no one of two or more joint contractors shall lose the benefit of the provisions of this chapter, so as to be chargeable, by reason only of any payment made by any other or others of them.

This defendant then, is not to lose the benefit of the statute, by reason of a payment made by his co-promisor. If the payment was made by his co-promisor, then the case is within the provisions of the 24th section, and the defendant is not chargeable.

Quimby *v.* Putnam.

The jury were instructed, that if the payment was made by Ira Putnam from his individual means, though defendant was present, still he is not to be charged.

Does the presence of the defendant affect his liability? Whether he were present or absent, it was a payment made by the other joint contractor — not by him. If present he would have had no authority to interpose and prevent the payment. He had no right even to object. The other promisor pays his own money — pays when he had agreed to pay — pays when he might then have been compelled by law to pay.

If then the defendant could not have prevented the payment, it is difficult to see how the simple fact of his being present, should affect his rights or liabilities.

The Judge further instructed the jury, that if the payment was made out of the funds of the defendant with his knowledge and consent, or out of the joint·funds of the two promisors with the knowledge and consent of the defendant, then the plaintiff was entitled to recover.

The plaintiff in his argument would seem to have raised no objections to this part of the charge. And indeed if he would contend that the ruling had placed his right to recover upon too narrow a ground, he should have called for other rulings, and made the refusal to give them, matter of exception.

The principles involved in the instruction given are clearly correct.

The cases cited by the plaintiff, do not seem to bear at all upon the question under consideration. They do show that payment may be proved by parol, which was not denied at the trial; and is not denied now. But in the cases referred to, the point here raised was not mooted.

The opinion of the Court was drawn up by

SHEPLEY J. — The suit was commenced on April 24, 1847, upon a promissory note made by the defendant and Ira Putnam, since deceased, on November 7, 1839, payable to the plaintiff on May 24, then next, with interest. The defendant by a brief statement presented the statute of limitations as a

defence. There was an indorsement of $30,71 made upon the back of the note as paid on January 11, 1842.

The question for consideration as presented by a bill of exceptions is, whether a payment made by one of the two joint promisors in the presence of the other will be evidence of a new promise made by both. Such would have been its effect before the Revised Statutes were in force. *Dinsmore* v. *Dinsmore*, 21 Maine R. 433.

The counsel for the plaintiff contend, that the Revised Statutes of Massachusetts and of this State, are on this subject in every essential particular copied from the statute, 9 Geo. IV. c. 14; which was decided not to prevent a payment made by one of several joint contractors being considered as evidence of a new promise made by all. *Wyatt* v. *Hodson*, 8 Bing. 309. But in this they are in error.

The English statute made provision, that an acknowledgment or promise made in writing by one should not affect the rights of his co-contractors; but it made no provision respecting the effect of a payment made by one upon the rights of the others. The effect of such a payment was left to be determined by the common law, by which it had been already decided.

By the Revised Statutes of Massachusetts and of this State, the effect of such a payment was not left as before to be determined by the common law. Rev. Stat. of Mass. c. 120, § 18; of this State, c. 146, § 24. These sections provide, that one of several joint contractors shall not lose the benefit of the provisions of the statute by reason of a payment made by another. It has accordingly been decided, that a payment by one joint contractor made before the enactment of the Revised Statutes would not, since they were in force, have the effect to prevent the operation of the statute upon the contract, as it respected others. *Pierce* v. *Tobey*, 5 Metc. 168.

The payment in this case was made since the Revised Statutes were in force, and they must determine its effect. The fact that it was made in the presence of the defendant, cannot alter its effect, for its full effect with respect to him, as

a payment, is determined by the statute. His presence might show, that he admitted the debt to be due, but such an admission, not made in writing and not arising out of a payment made by himself, can have no effect upon his rights since the Revised Statutes were in force.

The instructions appear to have been entirely correct.

*Exceptions overruled.*