BERGMAN et al. v. BLY.

(Circuit Court of Appeals, Eighth Circuit.    January 2, 1895.)

No. 467.

1. LIMITATION OF ACTIONS—PAYMENT ON NOTE BY ONE OF TWO JOINT MAKERS.
    Payment made on a joint and several promissory note, executed and payable in Wyoming, by one of the two makers thereof, does not operate to prevent the running of the statute of limitations of that state as to the other maker.    Cowhick v. Shingle (Wyo.) 37 Pac. 689, followed.

2. FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES.
    The construction placed upon a state statute by the supreme court of the state is obligatory on the federal courts, such construction being, in effect, a part of the text of the statute itself.

In Error to the Circuit Court of the United States for the District of Wyoming.

This was an action by Damon Gaylord Bly against Isaac Bergman and Colin Hunter on a promissory note.    The court directed a verdict for plaintiff.    Defendants now bring error.

A. C. Campbell (R. W. Breckons, on the brief), for plaintiffs in error.

T. F. Burke (Charles H. Potter, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.    This action was brought in the circuit court of the United States for the district of Wyoming, by Damon Gaylord Bly, the defendant in error, against Isaac Bergman and Colin Hunter, to recover the contents of a promissory note, of which the following is a copy:

"$5830.00.              Cheyenne, Wyoming, October 10th, 1886.

"Twelve months after date, for value received, we jointly and severally promise to pay to the order of Angeline Bly fifty-eight hundred and thirty

00-100 dollars at the banking house of Morton E. Post & Co., with interest at one per cent. per month from date until paid, interest payable semiannually.

"Due Oct. 10–13, 1886.                    Isaac Bergman.
                                          "Colin Hunter."

The defendants answered separately. The only issue raised by the defendant Bergman's answer was that the interest on the note had been paid up to July 1, 1891, instead of January 1, 1891, as claimed by the plaintiff. The defendant Hunter alleged in his answer that he signed the note as surety for Bergman, and, among other defenses, pleaded the statute of limitations as follows:

"(1) Defendant alleges that no payment has been made upon said note by him, or with his knowledge or consent, at any time since the same was executed and delivered, and that the period of five years has elapsed since the said note became, by its terms, due and payable."

The sections of the statute of limitations of Wyoming upon which this plea rests read as follows:

"Sec. 2368. Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action accrues.

"Sec. 2369. Within five years an action upon a specialty or any agreement, contract or promise in writing." * * *

"Sec. 2381. When payment has been made upon any demand founded on contract or a written acknowledgment thereof, or promise to pay the same has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such payment, acknowledgment or promise."

The circuit court directed the jury to return a verdict for the plaintiff against both defendants for the amount of the note and interest thereon from January 1, 1891. Upon a consideration of the evidence, we are satisfied that this instruction, so far as relates to the defendant Bergman, was right The only question in the case requiring serious consideration arises on the defendant Hunter's plea of the statute of limitations. The interest on the note was paid up to January 1, 1891, by Bergman, the principal in the note, and under the Wyoming statute, this payment of interest confessedly precluded the bar of the statute of limitations from attaching in Bergman's favor. Did such payment have a like effect as to the defendant Hunter? The circuit court held that it did, and this ruling is assigned for error.

The question for decision is this: Does a payment made on a joint and several promissory note, executed and payable in Wyoming, by one of the two makers thereof, operate to prevent the running of the statute of limitations of that state as to the other maker? The supreme court of that state has recently answered this question in the negative in a well-considered opinion, reviewing many of the cases on this subject. Cowhick v. Shingle (Wyo.) 37 Pac. 689. The court rests its decision upon its construction of the statute of limitations of the state, as well as upon the general rule of law. Counsel have with commendable diligence collected and cited to the court, and discussed at much length, the numerous decisions on both sides of this vexed question. Courts in this country and in England have discussed it pro and con so long and so often that there remains nothing new to be said on the subject. It would be an affectation of

learning, and serve no useful purpose, to repeat the reasoning on the question, or review the conflicting decisions.[1]  We content ourselves with remarking that the decision of the supreme court of Wyoming, holding that the payment made on a promissory note by one of two makers jointly and severally liable thereon, does not suspend the running of the statute in favor of the other maker, be he principal or surety, is probably in harmony with the weight of authority in this country to-day, and it undoubtedly expresses the law as established, either by judicial decision or statute, in a large majority of the states of the Union.    It is stated by the supreme court of Wyoming in the opinion referred to that—

"At the time of the organization of the territory of Wyoming, in 1868, the rule that one joint debtor was affected by the partial payment of his codebtor in such way as to deprive him (the former) of the benefit of the statute prevailed in only a few of the states of the Union, to wit, Connecticut, New Jersey, Rhode Island, Delaware, Georgia, Oregon, North Carolina, Missouri, and perhaps, at that date, Minnesota and one or two other states. In all the other states, and in England as well, the rule had been entirely overthrown, either by judicial decision or by legislative enactment."

And in a late case in Rhode Island (Institution v. Ballou, 16 R. I. 351, 16 Atl. 144) the court, after reviewing the cases in that state

---

[1] NOTE. Counsel for plaintiff in error cited and relied on the following cases: Bell v. Morrison, 1 Pet. 352; Levy v. Cadet, 17 Serg. & R. 126; Walker. v. Duberry, 1 A. K. Marsh. 189; Dickerson v. Turner, 12 Ind. 230; Steele v. Souder, 20 Kan. 39 (the opinion was by Judge, now Mr. Justice, Brewer); Glick v. Crist, 37 Ohio St. 388; Arbuckle v. Templeton (Vt.) 25 Atl. 1095; Davis v. Mann, 43 Ill. App. 301; McMullen v. Rafferty, 89 N. Y. 456; Littlefield v. Littlefield, 91 N. Y. 203; Littlefield v. Dingwell (Mich.) 39 N. W. 38; In re Sander's Estate (Surr.) 24 N. Y. Supp. 817; Hance v. Hair, 25 Ohio St. 349; Marienthal v. Mosler, 16 Ohio St. 566; Bank v. Sullivan, 6 N. H. 124; Coleman v. Fobes, 22 Pa. St. 156; Kallenbach v. Dickinson, 100 Ill. 427; Van Keuren v. Parmalee, 2 N. Y. 523; Shoemaker v. Benedict, 11 N. Y. 176; Lowther v. Chappell, 8 Ala. 353; Myatts v. Bell, 41 Ala. 222; Tate v. Clements, 16 Fla. 339; Bush v. Stowell, 71 Pa. St. 208; Steele v. Jennings, 1 McMul. 297; Walters v. Kraft, 23 S. C. 578; Belote v. Wynne, 7 Yerg. 534; Muse v. Donelson, 2 Humph. 166; Schindel v. Gates, 46 Md. 604; Willoughby v. Irish, 35 Minn. 63, 27 N. W. 379; Mayberry v. Willoughby, 5 Neb. 368.

Counsel for defendant in error cited and relied on the following cases: Whitcomb v. Whiting, 2 Doug. 652; Cross v. Allen, 141 U. S. 528, 12 Sup. Ct. 67; Allen v. O'Donald, 28 Fed. 346; Partlow v. Singer, 2 Or. 307; Burleigh v. Stott, 8 Barn. & C. 36; Perham v. Raynal, 2 Bing. 306; Wyatt v. Hodson, 8 Bing. 309; Sigourney v. Drury, 14 Pick. 387; Cox v. Bailey, 9 Ga. 467; Ellicott v. Nichols, 7 Gill. 85; Schindel v. Gates, 46 Md. 604; Burgoon v. Bixler, 55 Md. 384; Lord v. Shaler, 3 Conn. 131; Bound v. Lathrop, 4 Conn. 336; Caldwell v. Sigourney, 19 Conn. 37; Bissell v. Adams, 35 Conn. 299; Beardsly v. Hall, 36 Conn. 270; Merritt v. Day, 38 N. J. Law, 32; Turner v. Ross, 1 R. I. 88; Perkins v. Barstow, 6 R. I. 505; Institution v. Ballou, 16 R. I. 351, 16 Atl. 144; Green v. College, 83 N. C. 449; Moore v. Goodwin, 109 N. C. 218, 13 S. E. 772; Bank v. Harris, 96 N. C. 119, 1 S. E. 459; Moore v. Beaman, 111 N. C. 328, 16 S. E. 177; Goudy v. Gillam, 6 Rich. Law, 28; Dinsmore v. Dinsmore, 21 Me. 433; Quimby v. Putnum, 28 Me. 423; Joslyn v. Smith, 13 Vt. 353; Bank v. Cotton (Wis.) 9 N. W. 926; Bank v. Hartfield, 5 Ark. 551; Biscoe v. Jenkins, 10 Ark. 108; Campbell v. Floyd, 153 Pa. St. 84, 25 Atl. 1033; Craig v. Calloway County Court, 12 Mo. 95; Harris v. Odeal, 39 Mo. App. 270; McClurg v. Howard, 45 Mo. 365; Koslowski v. Yesler, 2 Wash. T. 407, 8 Pac. 493; Brandt, Sur. (Ed. 1876) § 120; 2 Pars. Notes & B. (Ed. 1865) 657, 658; Ang. Lim. (Ed. 1876) §§ 240, 248; 24 Am. & Eng. Enc. Law, p. 772, note.

which hold that the payment by one of two or more joint debtors operates to prevent the running of a statute as to all, say:

"The cases are doubtless at variance with the rule now generally prevailing in the United States, but in many of the states their present rule has been established by statute, and in some of them after contrary decisions had been made by the courts."

And in Wood, Lim. pp. 608, 609, the author, referring to the doctrine of Whitcomb v. Whiting, 2 Doug. 652, says:

"The judgment of the profession, as well as of the people generally, as to the wisdom of the doctrine, is best evinced by the circumstance that it has been nearly obliterated by legislative and judicial action."

We think the construction placed upon the Wyoming statute by the supreme court of the state a sound one, but we prefer to rest our decision upon the proposition that, in the present state of the authorities upon this question, it is obligatory upon this court to give effect to the statute of Wyoming as construed and expounded by the supreme court of that state. The general rule is that the laws of the several states shall be regarded as rules of decision in the courts of the United States in cases to which they apply. The judiciary act requires this, and it would be the law independently of that enactment. Under this rule, the first question which confronts a federal appellate court is, what is the local law applicable to the case? The local law which furnishes the rule of decision may consist of a statute, or of the decisions of its supreme court, or of both. The construction placed upon a state statute by the supreme court of the state is obligatory on the federal courts. The judicial interpretation of a statute becomes, in effect, a part of the text of the statute itself. It does not matter how like statutes in other states have been construed. The construction of the statute by the supreme court of the state from which the case comes is the law of that state, and furnishes the rule of decision. It not infrequently occurs that the same statute is differently interpreted, or the same question differently decided, by the supreme courts of different states. When that is the case, the federal appellate court gives effect to the local law of the state applicable to the case. It does not attempt to reconcile the conflicting decisions of the state courts, or to adopt a rule of decision different from that established by the supreme court of the state from which the case comes. It contents itself with giving effect to the local law. There are some qualifications and exceptions to these general rules, but they are founded on special facts and circumstances which have no existence in this case. The decision of the supreme court of Wyoming which we are considering antagonizes no well-settled doctrine in the law, changes no former rule of decision in the state, deprives no one of vested rights, and does not discriminate against nonresidents. On the contrary, it is well supported by reason and authority, and is in harmony with the law in most of the states of the Union. In the case of Cross v. Allen, 141 U. S. 528, 12 Sup. Ct. 67, the court did no more than apply the rule of the local law. The court held that a payment by one of two joint obligors prevented the running of the statute of limitations as to the other, in the state of Oregon, upon the ground

"that the statute of limitations of the state never operated as a bar to the enforcement of the original demands against both the principal and the surety."

If the peremptory instruction of the court to the jury to return a verdict for the plaintiff against the defendant Hunter is based on the idea that the payments made upon the note were made by him or by his authorized agent,—as they must have been to remove the bar of the statute as to him,—it is sufficient to say that there was no evidence to warrant that conclusion. It is quite obvious, however, that that was not the ground of the instruction, but that the circuit court took the view that the payment made on the note by Bergman had the effect to keep it alive as to his surety, Hunter. It is due to the court below to say that when this case was tried in the circuit court the case of Cowhick v. Shingle, supra, had not been decided by the supreme court of Wyoming. The judgment of the circuit court against the plaintiff in error Bergman is affirmed, and the judgment against the plaintiff in error Hunter is reversed, and the cause, as to him, is remanded, with directions to grant a new trial.