### UNDERWOOD v. PATRICK.

(Circuit Court of Appeals, Eighth Circuit. April 24, 1899.)

No. 1,146.

1. VENDOR AND PURCHASER — SALE OF LAND TO SYNDICATE — ACCEPTANCE OF NOTES OF ONE MEMBER FOR PURCHASE MONEY.

A vendor who sold land to a syndicate, conveying to one member and accepting his individual notes, secured by mortgage on the property for the unpaid purchase money, with knowledge that such arrangement was made for the express purpose of relieving another of the purchasers from personal liability for such unpaid purchase money, is estopped to claim such liability, and has no right of action against him on the notes, or otherwise, to recover a deficiency remaining due after foreclosure of the mortgage; nor was such right given by a declaration of trust executed by the grantee, declaring the interest of each member of the syndicate in the property and their several liabilities as between themselves.

2. LIMITATION OF ACTIONS — WHAT LAW GOVERNS.

A plea of the statute of limitations relates to the remedy, and is governed by the law of the forum.

3. SAME — ACCRUAL OF CAUSE OF ACTION.

Where a vendor sold land to a syndicate, taking notes of one member for deferred payments of purchase money, a right of action by the vendor against another member of the syndicate for the recovery of such purchase money, if any existed, accrued on the maturity of the notes.

4. SAME — EFFECT OF PAYMENTS.

As an action against another of the purchasers, who did not sign the notes, would not be based thereon, but on a collateral promise, a payment on the notes after their maturity by the maker or a subsequent grantee would not extend the time within which such action could be brought.

In Error to the Circuit Court of the United States for the District of Colorado.

Eliza W. Patrick, the defendant in error, brought this action against Frank L. Underwood, the plaintiff in error, to recover certain sums of money claimed to be due her on notes executed by one Nathan D. Allen. The substance of

the facts set out in the complaint are: That Mrs. Patrick was the owner of a tract of 615 acres of land adjoining the city of Omaha, Neb., which Underwood, Craig, and Allen wanted to purchase from her. That they represented to her that they wanted to form a syndicate consisting of themselves and other parties. That on the 12th of May, 1887, the sale was completed for the sum of $510,000. That the deed for the property was executed and delivered by Mrs. Patrick to Allen, who paid her $110,000 of the purchase money, and for the other $400,000 executed to her his four notes for $100,000 each, due, respectively, on the 1st days of January, 1888, 1889, 1890, and 1891. That, to secure their payment, Allen executed to her a mortgage on the real estate conveyed by her to him. That at the time the transaction took place she knew these parties (Underwood and Craig) were to be interested in the purchase of the property, but that the title should be taken in the name of Allen, the others to have an interest in proportion to the amounts to be paid by them respectively of the purchase money. That Underwood was the organizer and promoter of the syndicate, and the title of the property was taken in the name of Allen for the purpose of avoiding any personal liability on his part on the notes to be given on the deferred payments. That, after the conveyance had been made by her to Allen, he executed "for the benefit of the said persons composing said syndicate" a declaration of trust, of which the following is a copy:

"Know all men by these presents, that I, Nathan D. Allen, of Kansas City, of the state of Missouri, do make the following declaration of trust: That whereas, I have this day bought from Eliza W. Patrick, and she has conveyed to me by warranty deed, dated on the 12th day of May, and recorded in the records of Douglas county, Nebraska, certain lands in said county, in said deed more particularly described: Now, therefore, I do declare that the said land was bought by me for the following named persons: Frank L. Underwood, trustee; William B. Clark; William A. Clark, trustee; Theodocia I. Underwood; William H. Craig; and Nathan D. Allen,—and that the said F. L. Underwood, trustee, is entitled to two-elevenths ($2/_{11}$) of the said property. That the said William B. Clark is entitled to one and one-half eleventh ($1\frac{1}{2}$-11) of the said property. That the said W. A. Clark, trustee, is entitled to one-eleventh ($1/_{11}$). That the said Theodocia I. Underwood is entitled to four and one-quarter elevenths ($4\frac{1}{4}$-11) of the said property. That the said W. H. Craig is entitled to one-eleventh ($1/_{11}$) of the said property. And that the said Nathan D. Allen is entitled to one and one-quarter elevenths ($1\frac{1}{4}$-11) of the said property, and that the same are liable in the same proportions upon the mortgage given to secure the deferred payments upon the said property. Dated this 12th day of May, 1887.                    Nathan D. Allen."

—That the plaintiff in error was the owner of two-elevenths of the property. That the object of the parties in purchasing this tract of land was to lay it off in lots and sites, and then dispose of it. That in pursuance of this agreement they did form a corporation under the laws of the state of Nebraska, named the Patrick Land Company, and the shares of stock in the corporation were issued and delivered to the parties in proportion to their respective interests in the property. That some of the property was sold and certain payments made to the plaintiff, but leaving the sum of $285,277.31 due on the 11th of October, 1891. That foreclosure proceedings were instituted by her and the land sold, leaving a deficiency of $101,278.76 still due her, for which deficiency a judgment was rendered against Allen but never collected, Allen being wholly insolvent. That the proportion of said deficiency for which defendant is liable by reason of his interest in the land amounts to $32,225.06, together with interest from May 7, 1894, for which sum judgment was asked.

The suit was commenced more than six years after all of the purchase-money notes had become due. There was a demurrer to the complaint, assigning for grounds of demurrer that the complaint did not state facts sufficient to constitute a cause of action, and pleading the three and six years statute of limitations of Colorado. The demurrer was overruled, and the defendant filed an answer pleading the statute of limitations, and denying most of the material allegations in the complaint. The cause was tried before a jury, and the court directed a verdict for the plaintiff, and the cause has been removed to this court by writ of error.

Charles H. Toll and D. V. Burns, for plaintiff in error.

Robert W. Patrick, Charles J. Greene, and Ralph W. Breckenridge, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge (after stating the facts as above). From the view which we take of this case, it is unnecessary to consider more than two questions: (1) Do the facts show that Mrs. Patrick ever had a cause of action against the defendant? (2) If she ever had a cause of action, is it barred by the statute of limitations?

It is specifically alleged in the complaint that Mrs. Patrick, at the time the transaction took place, knew that Underwood had an interest in the purchase, "but, for the purpose of avoiding any immediate personal liability and obligation upon the notes to be given for the deferred payments, he, the said Frank L. Underwood, had the titles to said lands taken in the name of said Allen." The undisputed evidence shows the same facts, and also that, to relieve himself of any personal liability in case the venture proved unprofitable, Underwood refused to join in the execution of the notes given for the unpaid purchase money by Allen, and that these facts were known to the plaintiff. With knowledge of these facts, she executed the conveyance to Allen, and accepted his individual notes for the unpaid purchase money secured by mortgage on the lands conveyed, and afterwards, in pursuance of the understanding of which Mrs. Patrick had knowledge, and to which she consented, the lands were conveyed by Allen to the corporation created for that purpose, and she received from that corporation large sums of money realized by it from the sale of lots, which sums paid the interest on the notes, and reduced the principal from $400,000 to $285,277.31. These facts clearly estop her from setting up a claim of personal liability on the part of Underwood to her. Had Allen acted as agent for Underwood and this agency not been disclosed to Mrs. Patrick, or had he been a dormant partner, she might have had a good cause of action against him, although we do not so hold, as the question is not before us; but when she consented to accept Allen's notes, with full knowledge of all the facts, she, in effect, agreed that in the case of a deficiency she would not look to him for payment of any part of the deficiency. To hold otherwise would be to defeat the very object of Underwood which he had made known to Mrs. Patrick, and to which she must be held to have assented. There is no allegation in the complaint and no proof that there was any promise or contract by Underwood with her to pay any part of the notes, but, on the contrary, the transaction itself, as well as the allegation in the complaint, shows conclusively that she looked to Allen alone and the mortgage executed by him for the payment of the balance of the purchase money due her, and upon such a state of facts Underwood is clearly not liable to her on the notes, or otherwise. Cragin v. Lovell, 109 U. S. 194, 3 Sup. Ct. 132; Tuthill v. Wilson, 90 N. Y. 423; Stackpole v. Arnold, 11 Mass. 27; Williams v. Robbins, 16 Gray, 77; Williams v. Gillies, 75 N. Y. 197.

Williams v. Gillies, supra, is a case on all fours with the case at bar. In that case the finding of facts was that the maker of the note executed it with the consent and knowledge of the defendants; that the defendants were really the partners of the maker of the note in the purchase for speculative purposes of the real estate for which it was given, but that the transaction was made in the name of Dobbs, to whom the land was conveyed, and whose notes secured by mortgage were executed for the deferred payments of the purchase money. It was claimed that this made the defendants liable as partners of Dobbs, but the court said:

"The substance of the transaction was that Dobbs was to take title and give his bond and mortgage in his own name and representing himself and no one else, and this is not inconsistent with the agreement that Raynor and Gillies [the defendants] were to have an interest in the speculation."

And the court held that they were not liable for the Dobbs debt, or any part thereof. But it is earnestly urged that when Underwood accepted Allen's declaration of trust which contained the provision, "and that the same [the persons interested with Allen in the purchase] are liable in the same proportions upon the mortgage given to secure the deferred payments upon said purchase," Underwood thereby became liable to Mrs. Patrick for the proportion of his interest under that declaration of trust executed by Allen. The plaintiff was not a cestui que trust, or beneficiary in this declaration of trust. Its purpose was to declare the rights, interests, and obligations of the purchasers of the land as between themselves. It is averred in the complaint that the declaration of trust was executed "for the benefit of the said persons composing said syndicate." Mrs. Patrick was content to take Allen's notes for the purchase money, secured by a mortgage on the land. She neither stipulated for nor desired other security. The claim now set up against Underwood is plainly an afterthought.

We proceed to the consideration of the defense of the statute of limitations. While the transaction took place in the state of Nebraska, yet, the suit having been instituted in the courts of Colorado, the statute of limitations of the latter state must control; for it is well settled that the laws of the forum govern the plea of the statute of limitations. McCluny v. Silliman, 3 Pet. 270; Townsend v. Jemison, 9 How. 407; Walsh v. Mayer, 111 U. S. 31, 4 Sup. Ct. 260; Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176. In McElmoyle v. Cohen, 13 Pet. 312, the court said:

"Whatever diversity of opinion there may be among jurists upon this point, we think it well settled to be a plea to the remedy, and consequently that the lex fori must prevail. It would be strange if in the now well-understood rights of nations to organize their judicial tribunals according to their notions of policy it should be conceded to them in every other respect than that of prescribing the time within which suits shall be litigated in their courts."

This case is cited and approved in the late case of Campbell v. City of Haverhill, 155 U. S. 610, 618, 15 Sup. Ct. 217. This doctrine is too well settled to require further discussion or citation of authorities. But, if in any jurisdiction the doctrine was doubtful, there is no room for contention in cases arising in the courts of

Colorado, because that state has made the rule statutory. Section 2915, Mills' Ann. St. Colo., reads as follows:

"Cause of action without the state—six years. It shall be lawful for any person against whom any action shall be commenced, in any court of this state, where the cause of action accrued without the state, upon a contract or agreement, express or implied, or upon any sealed instrument in writing, or judgment or decree of any court, more than six years before the commencement of the action, to plead the same and give the same in bar of the plaintiff's right of action."

Other provisions of the statute of limitations of Colorado applicable to the case read as follows:

"The following actions shall be commenced within six years, next after the cause of action shall accrue, and not afterwards: First. All actions of debt founded upon any contract or liability in action. * * * Fourth. All actions of assumpsit or on the case founded on any contract or liability, express or implied." Mills' Ann. St. Colo. § 2900.

"All personal actions, on any contract not limited by the foregoing sections, or by any other law, in this state, shall be brought within three years after the accruing of the cause of action, and not afterwards." Id. § 2905.

It is clear that, under the foregoing provisions of the Colorado statute of limitations, if Mrs. Patrick ever had any right of action against Underwood for an amount of the purchase money equivalent to his interest in the land, it is barred. Authorities are not wanting to support the contention that the action would be barred under the three-years statute of limitations. Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176; Dismukes v. Halpern, 47 Ark. 317, 1 S. W. 554; Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831. But, as the action is unquestionably barred under the six-years statute, we express no opinion as to the applicability of the three-years statute. If Underwood was liable for any portion of the purchase money, the cause of action against him therefor accrued when the purchase money was due, and, as more than six years elapsed after the last note matured before this suit was brought, the action is barred. It is conceded that Underwood, if liable at all, is not liable on Allen's note, but on a different contract, and the payment alleged in the bill as having been made on January 23, 1893, was a payment on Allen's note, and will not serve to prevent the running of the statute in favor of Underwood on the alleged collateral promise on which he is sued. Moreover, that payment is not alleged to have been made by Allen. On the contrary, it is quite clear from the language of the complaint that it was not made by him, but by the Patrick Land Company, to which Allen had conveyed the land, and certainly no payment made by that company could have the effect to suspend the running of the statute of limitations as to Underwood. Wood, Lim. Act. 226, 228. We do not wish to be understood as intimating that, if the payment had been made by Allen, it would have the effect to extend the running of the statute as to Underwood, even though Underwood had been a joint maker of the note with Allen. Bergman v. Bly, 27 U. S. App. 650, 13 C. C. A. 319, and 66 Fed. 40. That question is not in the case. But it is urged in argument that Mrs. Patrick had no cause of action whatever until after the fore-closure proceedings and the ascertainment of the deficiency, and

as that deficiency was not determined until May 7, 1894, the statute of limitations was not set in motion until that date. We are referred to the decision of the supreme court of Nebraska in Meehan v. Bank (Neb.) 62 N. W. 490, as determining that proposition. But examination of that case does not sustain the contention of learned counsel. All that is decided by that case is that in that state a creditor whose debt is secured by mortgage may either sue at law on his debt or proceed by foreclosure; but, having elected which means he will adopt, and commenced proceedings accordingly, he must exhaust the remedy so chosen before resorting to the other. But this Nebraska law can have no extraterritorial operation. It cannot suspend the running of the Colorado statute of limitations. Unquestionably Mrs. Patrick might have sued Underwood in Colorado, on the cause of action now declared on, at any time after the maturity of the notes. It is not believed that such suit would have precluded her from foreclosing the mortgage on the land in Nebraska at the same time; but, assuming that it would, she had her election to do the one thing or the other, but her election could in no manner operate to deprive Underwood of any right under the statute of Colorado. She could not exercise her election to his prejudice, further than to bring suit against him immediately upon the maturity of the notes, which she had an undoubted right to do, if he was liable, as claimed, for any part of the purchase money of the land. It results that the lower court erred in instructing the jury to find a verdict for the plaintiff, and refusing to direct a verdict for the defendant. The judgment of the circuit court is reversed, and the cause remanded, with instructions to proceed in accordance with this opinion. So ordered.