# DORSEY *v.* MANNING.

EQUITY; PARTIES; ASSUMPTION OF MORTGAGE BY GRANTEE;
RESULTING TRUSTS.

1. Where a mortgagee, who, upon foreclosure, has realized a sum
insufficient to pay the mortgage debt, seeks in equity to charge
the husband of the last of several successive grantees, all of
whom assumed payment of the mortgage debt, with payment
of the deficiency, upon the theory that there was a resulting
trust in his favor, because he furnished the purchase money,
although the legal title was conveyed to his wife, the wife is a
proper, if not a necessary party to the bill.
2. Allegations in the bill of complaint, in such a case, to the effect
that the consideration of the deed moved from the husband
and not from his wife; that the husband was the real owner
of the property; that he had "collected in his own right and
for his own use all the rentals of said real estate," are insuf-
ficient to overcome the presumption that there was an ad-
vancement in favor of the wife, and not a resulting trust in
her in favor of the husband.
3. Whether anyone, except parties named in the deeds, can be held
liable upon assumptions of mortgages; and whether a result-
ing trust can be forced upon a party against his will at the
suit of a person in the situation of the complainant in such a
case, *quære.*

No. 899. Submitted October 18, 1899. Decided November 9, 1899.

HEARING on an appeal from a decree of the Supreme
Court of the District of Columbia, sustaining a demurrer to
and dismissing a bill to establish a resulting trust and to
enforce an alleged liability for the balance of a mortgage
debt. *Affirmed.*

The COURT in its opinion stated the case as follows:

On March 3, 1892, one Amos S. Adams, being then the
owner of certain real estate situated in Rockville, Mont-
gomery County, in the State of Maryland, conveyed it by
deed of mortgage to Lloyd Dorsey, the appellant here, and

Hortensia Dorsey, to secure the payment to each mortgagee of the separate sum of $1,850, represented by two single bills or promissory notes of the said Adams of the same date and payable three years thereafter, with interest at the rate of 6 per centum per annum. Subsequently, on August 28, 1893, Adams conveyed a part of the same property to one Daniel W. Beach, who expressly assumed the payment of the whole mortgage debt of $3,700 as part of the' purchase money. Subsequently, on April 20, 1894, Beach conveyed the portion of the property purchased by him to Florence L. Manning, the wife of the appellee, J. Forrest Manning, who, by the terms of the deed to her, expressly assumed the payment of the mortgage debt of $3,700 as part of the purchase money. It is alleged, with some apparent inconsistency on the part of the appellant, that the consideration to Beach for this conveyance by him to Florence L. Manning was a cash payment made by the appellee, J. Forrest Manning, out of his own money, and the transfer to Beach of another piece of real estate, the property of J. Forrest Manning; that J. Forrest Manning was the real purchaser from Beach; that he merely acted in the name of his wife, but for his own use and benefit; and since the purchase he had collected and received the rents of the property for his own use.

The notes secured by the mortgage to the Dorseys became due on March 6, 1895, but they were not paid, nor was there any interest paid on them; and thereupon the property was sold under the mortgage, it does not appear at what time; and there was realized from it, after the payment of taxes and the expenses of sale, the sum, as is alleged, of $800, which was credited upon the one of the notes held by the appellant, Lloyd Dorsey, leaving still a balance of "about $1,500" due to the latter, on account of the mortgage debt. For this amount Dorsey claimed that J. Forrest Manning was liable to him, and thereupon filed his bill in equity in the Supreme Court of the District of

Columbia to enforce the liability. This bill was filed on March 3, 1898. Lloyd Dorsey was the sole complainant, and J. Forrest Manning the sole defendant in it. Manning demurred to the bill, and the court below sustained his demurrer and dismissed the bill. From the decree of dismissal the present appeal has been prosecuted.

*Mr. John Ridout* and *Mr. D. W. Baker* for the appellant.

*Mr. A. A. Birney* and *Mr. Henry F. Woodard* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The theory on which the appellant seeks to sustain the bill of complaint is, that, in the conveyance from Beach to Mrs. Florence L. Manning, there was a resulting trust in favor of the appellee, J. Forrest Manning; and that he, therefore, as the real owner of the property, was liable in equity, under the doctrine announced in the case of *Keller* v. *Ashford,* 133. U. S. 610, to the holder of the mortgage which Mrs. Manning had assumed to pay. Apparently there can be no question in regard to the application of the doctrine of *Keller* v. *Ashford* as between the appellant and Mrs. Manning, if the latter be regarded as the real purchaser of the property in her own right. But the question is, whether, under the circumstances, the appellee has become liable to be held.

Very pertinent to the inquiry before us is the statement of the law as laid down by the Supreme Court of the United States in the case of *The Smithsonian Institution* v. *Meech,* 169 U. S. 610. There it was said:

"Where, upon the purchase of property, the consideration is paid by one and the legal title is conveyed to another, a resulting trust is thereby raised, and the person named in the deed will hold the property as trustee of the party paying the consideration. See Hill on Trustees, page 91, and authorities cited in notes; 2 Story's Equity Jurisprudence,

paragraph 1201.   But if the person to whom the convey-
ance is made be one to whom the party is under obligation,
natural or moral, to provide, the transaction will be regarded
*prima facie* as an advancement, and the burden will rest on
the one who seeks to establish the trust for the benefit of
the payer of the consideration, to overcome the presumption
in favor of the legal title by sufficient evidence."

This burden of proving a resulting trust in the present
case and of overcoming the presumption in favor of the
legal title the appellant has assumed; but he says that he
has made the proof by the facts stated in the bill, admitted
to be true by the demurrer.   These facts are those already
stated, to the effect that the consideration of the deed moved
from the appellee, and not from his wife; that the appellee
was the real owner of the property; and that he had "col-
lected in his own right and for his own use all the rentals
of the said real estate."   And it is argued further, although
there is no allegation to that effect in the bill, that "the
wife had not in any way asserted any title or claim to the
property or acted as though she were the owner."

This last argument, however, only emphasizes what is
otherwise patent enough from the bill itself, the impro-
priety of proceeding in a case of this kind without making
the wife a party to the suit.   Assuredly she ought not to be
deprived of her title, or even have a cloud cast upon it,
without being heard; and she can not properly be heard
without being made a party to the suit.   It is very true, that
the property, by sale under the mortgage, has been lost to
both of them, and that her title, whether she held as trustee
or in her own right, has been destroyed by the sale; but there
may well be incidents of the transaction dependent on the
nature of her title which would require her to be made a
party to the suit.   Whether she is a necessary, or only a
proper party, it is unnecessary for us here to decide.   The
appellee certainly is entitled to her presence in the suit.

But, upon the merits, we find no facts stated in the bill

of complaint sufficient to overcome the presumption that there was an advancement by the husband in favor of the wife, and not a resulting trust in the wife in favor of the husband. The fact that the consideration moved from the husband is clearly irrelevant. How else could there be an advancement, if the consideration did not move from the husband? If the consideration moved from the wife, how could there be any case of advancement?

The statement that the appellee was the real owner of the property conveyed to the wife, is rather a conclusion of law than of fact, in the absence of evidence to show that the transaction was not an advancement; for this allegation is not proof. And the statement that the appellee "collected in his own right and for his own use all the rentals of the said real estate," is not inconsistent with a beneficial ownership in the wife. It might well be that the fee was the substantial advancement in favor of the wife; and it is nothing unusual in such cases for the husband to collect the rents and apply them according to his own judgment.

The case is not one of disposition of property to defraud creditors, existing or prospective. There is no suggestion whatever of fraud in the case. There is no pretense that Beach did not know with whom he was dealing. The appellee may have had good and sufficient reason for not appearing in the transaction. He certainly did have such reason, if his purpose was to make an advancement in favor of his wife, as we must presume it was. Beach knew that the consideration moved from him. It was competent for the vendor to dispense with the security of the assumption of the debt by the vendee; and it was competent for him to take the security of the wife, the grantee named in the deed, rather than that of her husband. Knowing the facts as Beach must be presumed to have known them, he must be held to have waived any and all personal liability on the part of the appellee for the mortgage debt, and to have been content with the wife's personal liability in the place of it.

Indeed, it is possible for us to assume that the appellee may have taken the title in the name of his wife with the express purpose of avoiding personal liability on his own part for the mortgage debt. And if he did so, and if Beach consented to it, we are not aware of any rule of law that would thwart their purpose in spite of themselves. It must be conceded that Beach could have lawfully made such an agreement with the appellee ; we may assume that he made it, since in the deed he made an apparently inconsistent agreement; and, of course, the only agreement that the appellant here could enforce, would be the agreement actually made by Beach, and not any agreement which, in contemplation of law, Beach might have made, but did not in fact make.

There is reason to think that no one can be held liable upon assumptions of this kind, except parties named in the deeds. See *Shepherd* v. *May*, 115 U. S. 505, 510 ; *Elliott* v. *Sackett*, 108 U. S. 132. There is likewise grave reason to doubt whether a resulting trust can be forced upon a party against his will at the suit of a person in the situation of the present appellant. But neither of these points is it necessary for us to determine here. We rest our decision on the failure of the appellant to allege any facts in his bill of complaint sufficient to prove a resulting trust in the appellee, and sufficient, even if there were a resulting trust, to charge him either in law or equity with liability in the premises.

We think that the decree of the Supreme Court of the District of Columbia sustaining the appellee's demurrer to the bill of complaint and dismissing the bill, was right, and that it should be *affirmed, with costs. And it is so ordered.*