**Philip STEARNS et al., Appellants,**

v.

**Dino FORMANT et al., T/a Formant
Realty Co., Appellees.**

**No. 13669.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 28, 1957.

Decided Nov. 7, 1957.

tion that she executed it in other than her individual capacity. The appellees did not sign the instrument, either personally or by an agent. Hence, under the Code provisions, they are not liable for the deficiency.

Affirmed.

Mr. Herman Miller, Washington, D. C., for appellants.

Mr. Leonard C. Collins, Washington, D. C., for appellees.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

PER CURIAM.

A promissory note for $7,500, executed by one Louise Austin as a part of the purchase price of certain realty and secured by her deed of trust thereon, was assigned by the payee to Stearns, Platshon and Werner. They directed foreclosure when default in payment occurred. At the ensuing sale the pledged property brought only $1,000, which failed by far to cover the unpaid balance and the costs. Stearns and his associates then sued to recover the deficiency from the Formants, Miss Austin's employers, alleging they were the real parties in interest and that she executed the papers for them as their agent. The District Court entered summary judgment for the defendants. This appeal followed.

It is provided by §§ 28–119 and 120, D.C.Code (1951), that one is not liable on a negotiable instrument unless his signature appears thereon, made by him or his duly authorized agent. The note involved here bears only the signature of Miss Austin as maker, with no indica-