SIMPSON *v.* GAFNEY, *Ex'r, Ap't.*

A claim for personal injuries may be allowed by a commissioner on an estate settled as insolvent.

Ordinarily where one party is an administrator, the other is not permitted to testify to matters which were within the knowledge of the deceased ; nor is such testimony admitted in the exercise of discretion when it does not clearly appear that injustice would be done by excluding it.

APPEAL from the report of a commissioner of insolvency on the estate of Lois Merrill, allowing the plaintiff's claim for personal

injuries sustained by being thrown from a carriage while riding with the deceased by her invitation, by reason of negligence of the deceased in using an unsafe horse and improperly managing it. The executor objected that the claim was one which the commissioner was not authorized to examine and allow. The court overruled the objection, and the defendant excepted.

The plaintiff offered herself as a witness, and was allowed to testify, subject to exception, to matters to which the deceased could not have testified if living. The executor excepted to the testimony of the plaintiff to any facts occurring in the lifetime of the deceased. Subject to exception the plaintiff was permitted to testify that at the time of the injury she had no knowledge of the peculiarities of the horse, and also to describe the character of her injuries and the nature and extent of her sufferings caused by the accident. Verdict for the plaintiff.

*W. S. Pierce*, for the plaintiff.

*Worcester & Gafney* and *J. Kivel*, for the defendant.

SMITH, J. The plaintiff's cause of action survived the death of the defendant's testate. Laws 1885, *c.* 11. If the deceased was liable to the plaintiff upon the cause of action alleged, it is a "demand which the deceased owed," and was provable before the commissioner. G. L., *c.* 199, *s.* 7. It would be a strained construction of the statute to hold, in the absence of express language, that only claims arising out of contracts are provable before a commissioner. Section 8, *c.* 198, Gen. Laws, as amended by *c.* 34, Laws 1881, prohibits the bringing of an action against an administrator after the estate is decreed to be administered as insolvent. Unless, then, claims from torts are provable before a commissioner, we have this anomalous condition of affairs, that while the course of action survives there is no way of enforcing the claim. That such was the legislative intent cannot be inferred.

The plaintiff was permitted to testify that at the time of the injury she had no knowledge of the peculiarities of the horse, and to describe the character of her injuries and the nature and extent of her sufferings caused by the accident. This evidence was material. It is apparent that these matters, or some of them, were within the knowledge of the deceased, and to which she might have testified if alive, and have contradicted the plaintiff. The general rule repeatedly laid down in this state is, that "Where the deceased had personal knowledge of the matter in dispute, and might, if living, be a witness, it would be unequal and manifestly unjust to allow the survivor to testify, inasmuch as the other party, being dead, could not contradict or explain the evidence. . . . For ordinary cases, the safe guide and the decisive test are found in the inquiry whether the deceased, if alive, could testify to the same

matters." *Chandler* v. *Davis*, 47 N. H. 462, 464, 465 ; *Welch* v. *Adams*, 63 N. H. 344, and authorities cited on *p.* 348.   Chapter 74, Laws 1889, in amendment of Gen. Laws, *c.* 228, *s.* 16, does not change the rule in this respect.

Section 17, Gen. Laws, *c.* 228, allows the surviving party to testify when it clearly appears to the court that injustice will be done without his testimony.   In this case there are no facts which show, nor is there anything from which it can be inferred, that injustice would be done by excluding the plaintiff from testifying.   The discretion, therefore, which was exercised in admitting the plaintiff to testify being subject to revision by the whole court, the defendant's exception to the evidence is sustained.

*Verdict set aside.*

CLARK, J., did not sit : the others concurred.