HACKENSACK TRUST COMPANY, ADMINISTRATOR, &c., APPELLANT, v. EVA VAN DEN BERG, ADMINISTRATRIX, &c., OF WYNAND VAN DEN BERG, DECEASED, RESPONDENT.

Submitted July 8, 1918—Decided November 18, 1918.

Sections 67 *et seq.* of the Orphans' Court act (*Comp. Stat., p.* 3833) relating to the presentation of money claims against the estates of deceased persons and the limitation of time for such presentation, apply to claims and demands founded on tort as well as to those founded upon contract.

On appeal from the Supreme Court, Bergen Circuit.

For the appellant, *Frederick S. Taggart.*

For the respondent, *Raymond Wortendyke.*

The opinion of the court was delivered by

PARKER, J. In a suit against the administratrix-respondent founded on a damage claim against her intestate, the trial court directed a verdict for the defendant upon the ground that such claim had not been presented in writing under oath, pursuant to an order limiting creditors (Orphans' Court act, section 67), and was barred by a later order entered as provided by section 70. Of the efficacy of the bar, if the claim was within the purview of the statute, there can be no doubt. *Ray Estate Corporation* v. *Steelman,* 90 *N. J. L.* 184.

The plaintiff appeals on the ground, principally, that the suit is based on an unliquidated demand in tort and that this is not within the class of claims contemplated by the act.

The strength of the argument lies in the use by the legislature of the word "creditors." The point is made, and reasonably, that a creditor implies a debt, or something in the nature of a debt, and that one entitled to sue a damage claim arising out of a tort is not a creditor. Such was the claim

sued in the present case; plaintiff's intestate was killed in an
accident at a railroad crossing while being driven by defend-
ant's intestate in an automobile. But in examining the stat-
ute, regard must be had to its purpose and object, and of
course the whole act must be considered. The object of the
procedure laid down in sections 67 to 70, and others ger-
mane to them, is, in the language of our cases, to secure the
speedy settlement of decedents' estates and to enable the per-
sonal representative to determine whether the estate is to be
settled as a solvent or insolvent estate, and whether real estate
must be resorted to for payment of debts. *Emson* v. *Allen,* 62
*N. J. L.* 491, 493; *Newbold* v. *Fenimore,* 53 *Id.* 307 (at *p.*
309). It is obvious that an executor may be obliged to wait
for the statute of limitation to operate before settling the
estate, or to resort to tedious and expensive Chancery litiga-
tion, if a tort claim is exempt from an "order to limit credi-
tors." So, in this respect, the object of the act would be de-
feated if it is not applicable to a claim in tort. When we
turn to the statute itself we find it contains ample *indicia* of
an intent to include all claims enforceable by suit terminating
in a money judgment. In section 67 the "creditors" are to be
ordered to bring in their "debts, demands and claims against
the estate." Section 68 speaks of "debts and claims;"
"claims and demands;" they are to specify the amount
claimed and the particulars of the "claim;" and the phrase
"claim or demand" or "claim and demand" is used six times
thereafter in the same section. Section 69 permits debts and
demands liquidated, but not due, to be presented subject to
discount; the plain implication is that unliquidated debts
and demands are cognizable. Throughout section 70 the word
"creditor" is linked up with the phrase "debt, demand or
claim." In section 71 we find the statute using the word
"claimant" as well as "creditor."

In view of this language and of the settled intent and pur-
pose of the statute, we conclude that the word "creditor" is
not used in the restricted sense of one to whom a debt is due,
but includes a party entitled to prosecute a suit upon a tort

of the deceased. The authorities are not uniform in other jurisdictions. · 18 *Cyc.* 456. Naturally, the language of the various statutes may affect the course of decision. In *Smith* v. *Wilson,* 79 *N. J. J. Eq.* 310, Vice Chancellor Stevenson held that a claim by heirs for exoneration from a mortgage made by the deceased was barred unless presented in time, saying: "I am unable to perceive any reason why in view of the object of the statute in question all parties holding claims against the estate which may in the future be put in judgment against the executor or administrator, however contingent they may be, should not be deemed creditors within the meaning of the statute. This view is aided by the fact that the parties termed 'creditors' or holders of obligations of some sort against the estate, are not merely called upon to bring in their 'debts,' but their 'demands' and their 'claims.'" We think this correctly states the law. The trial judge took the same view, and as it appeared without denial that no claim had been presented to the administrator within the limit set, and there was nothing in the case to bring it within the rule laid down in *Wakeman* v. *Paulmier,* 39 *N. J. L.* 340, the· claim being already in existence at the time the rule to limit creditors was made, the direction of a verdict for defendant was proper.

This substantially disposes of the argument of appellant; there are some subsidiary points which need not be particularly noticed. On the appeal of the trust company the judgment will be affirmed.

There is also a cross-appeal by Mrs. Van Den Berg as administratrix. The gravamen of this is that the decision of the Supreme Court in this action, reported in 88 *N. J. L.* 518, was erroneous in holding that the statutory action for injury causing death survived as against the personal representatives of a deceased tort-feasor. As to this we express no opinion. Judgment final having passed in favor of the defendant-administratrix, she is not aggrieved by the interlocutory ruling against her of the Supreme Court, even if it be assumed to be erroneous. The cross-appeal will therefore be dismissed.

92 N. J. L.          Heiler v. Goodman's Motor, &c., Co.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.