Hillsborough, }
Dec. 7, 1920. }

### ZEPHERIN GOSSELIN *v.* WILLARD H. GRIFFIN.

The conclusion of the trial court that it does not clearly appear that injustice would result from the exclusion of the testimony of the surviving party may, if excepted to, be revised by the supreme court under P. S., c. 224, s. 17.

In case by a servant against his master's estate for injuries received from a defective machine, the servant's testimony as to his own acts at and just before his injury is admissible, if the decedent was not then present; but where it does not appear that the decedent was ignorant of the condition of the machine, the plaintiff's testimony on that subject is inadmissible.

CASE, for negligence, brought under the provisions of the employers' liability act. At the close of the plaintiff's evidence a nonsuit was ordered subject to exception. The defendant died after the accident and before the trial.

The plaintiff was injured while operating a dieing-out machine in the defendant's shoe shop. The plaintiff called a witness who testified that he was working near the plaintiff, heard his outcry when injured, and that the defendant was not anywhere near them. The plaintiff was then called as a witness in his own behalf. The de-

fendant's counsel stated that the defendant executor elected not to testify, and objected to any testimony from the plaintiff covering anything that took place before the decedent died. This objection was sustained, and the plaintiff's offer of his own testimony how he got hurt was excluded, subject to exception.

Transferred from the January term, 1920, of the superior court by *Allen*, J.

*Thomas J. Bois* and *Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Warren* and *Mr. Howe* orally), for the defendant.

PEASLEE, J. The ruling excluding the plaintiff's testimony included the proposition that it did not clearly appear that injustice would be done thereby. Ordinarily this finding by the trial court would be conclusive, if supported by sufficient evidence. But by the provision of the statute applicable here the conclusion reached by the presiding justice may be excepted to and revised. P. S., c. 224, s. 17; *Simpson* v. *Gafney*, 66 N. H. 261. Such an exception brings to this court questions of fact as well as those of law.

At the time the plaintiff was offered as a witness there was evidence in the case which appears to us to prove that the decedent was not present when the accident occurred. From this it follows that the plaintiff should have been allowed to testify to his own acts at and just before the time he was injured. As it does not appear that the decedent did not know the condition of the machine, the plaintiff was not a competent witness upon that question. *Cobb* v. *Follansbee, ante*, 205, and cases cited.

The defendant claims that the exception only raises the question of the general competency of the plaintiff under Public Statutes, chapter 224, section 16; and that there was no offer to bring his testimony within the exception provided by section 17. The record does not sustain this position. Upon the offer of the plaintiff as a witness the defendant objected to permitting the plaintiff to testify to "Any thing that took place before the decedent died. This objection was sustained and the plaintiff's offer of his own testimony how he got hurt was excluded, subject to plaintiff's exception." Before this occurred the plaintiff had introduced the evidence which tended to show that Griffin was not an eye witness to the accident.

If it was necessary for the plaintiff, when offering himself as a witness, to indicate that he proposed to testify to such facts only ·as were not within the knowledge of the decedent, his previous course in the trial was tantamount to such a limitation of the offer.

The defendant interposed his objection as soon as the plaintiff was called to the stand. The objection did not in terms refer to any statute, and was based upon the broad proposition that the plaintiff could not testify to "any thing" occurring in the decedent's lifetime. If for any reason, or by virtue of any statute, the plaintiff could testify to any fact of that class, the sweeping objection was so far unsound. The plaintiff's testimony having been rejected by the ruling sustaining the defendant's position, it was not incumbent upon the plaintiff to go further with his offer. His exception fairly raises the question whether he could testify to any fact occurring in Griffin's lifetime.

As the plaintiff's testimony as to his own conduct may supply the deficiency now claimed to exist in the evidence, or may change the aspect of the case wherein the defendant claims fault of the plaintiff is conclusively shown, those questions have not been considered.

*New trial.*

All concurred.