## McDONALD v. FIRST NAT. BANK OF ATTLEBORO.
### No. 2852.

Circuit Court of Appeals, First Circuit.
April 4, 1934.

Mark M. Horblit, of Boston, Mass. (Walter J. MacDonald, of Brockton, Mass., on the brief), for appellant.

J. N. Welch, of Boston, Mass. (Anthony Brayton and Hale & Dorr, all of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

MORTON, Circuit Judge.

The question is whether a mortgage given by the bankrupt to the defendant bank is valid as against the trustee. The referee held the mortgage invalid; the District Judge held it valid; and the case is here on appeal by the trustee. The facts are as follows:

The Hotel Company is a Massachusetts corporation. It owned certain real estate consisting of land and a hotel building in North Attleboro, Mass., and also the fixtures, furnishings, and other property in the hotel. Its only business was operating the hotel. On January 18, 1932, the bankrupt's treasurer, acting under authority of a vote of its board of directors, executed the mortgage in question for $50,000 to the bank. The directors acted pursuant to a vote passed by a majority—but not two-thirds—of the stockholders at the last preceding annual meeting. The mortgage was given to secure past loans from the bank amounting to $40,000, which had been used to build the hotel, and a present advance of $10,000. It covered all the real estate of the corporation—

"together with all the furniture, furnishings, equipment, utensils, implements and other articles of use or ornament now on the premises above described and belonging to the mortgagor."

The mortgage was duly recorded in the registry of deeds, but not in the office of the town clerk. This lack of record in the town clerk's office makes it admittedly invalid, as against the trustee, as to personal property. No claim is now made that it covers anything but the real estate.

The trustee contends that the mortgage is completely invalid under the Massachusetts statutes (General Laws, chapter 156, § 42), because it was not authorized by a vote of two-thirds of the capital stock, at a meeting duly called for the purpose. The statute reads as follows:

"Every corporation may, at a meeting duly called for the purpose, by vote of two thirds of each class of stock outstanding and entitled to vote, or by a larger vote if the agreement of association or act of incorporation so requires, change its corporate name, the nature of its business, the classes of its capital stock subsequently to be issued and their preferences and voting power, or make any other lawful amendment or alteration in its agreement of association or articles of organization, or in the corresponding provisions of its act of incorporation, or authorize the sale, lease or exchange of all its property and assets, including its good will, upon such terms and conditions as it deems expedient."

The call for the stockholders' meeting at which the mortgage was authorized read as follows: "The annual meeting of the stockholders of the North Attleboro Hotel Company for the choice of a Treasurer, Clerk, a Board of Seven Directors, reports of officers, and the transaction of any other business that may legally come before it," etc. Under this notice, it was unanimously voted that the directors be "authorized to place mortgages on the hotel property in a sum not to exceed $100,000."

Seven hundred and twenty-five shares, out of a total of 1,150 shares outstanding, were represented at the meeting, less than two-thirds of the outstanding stock; and the call for the meeting obviously did not meet the requirements of the statute. If the mortgage is within the statute, it is clear that it was not duly authorized. There is no doubt that, under Massachusetts law, "sale" as used in the statute includes mortgage, nor that the trustee is entitled to contest the validity of the mortgage. Commerce Trust Co. v.

Chandler, 284 F. 737 (C. C. A. 1); same case 295 F. 241 (C. C. A. 1).

The bank contends that the mortgage is not within the statute because it does not cover all the "property and assets, including * * * good will" of the mortgagor. On this question of fact, the referee found that certain property and assets of the Hotel Company were omitted from the mortgage. These items and the values of them are carefully discussed in his report, which consists of his certificate, his findings, the exhibits annexed to them, and a stipulation as to facts. He concluded that the omitted items were not valuable assets. "The result is that substantially all the property of the corporation was conveyed by the mortgage in question," etc. His concluding findings were as follows:

"I find, therefore, that the mortgage in question attempted to convey all of the tangible operating assets of the bankrupt corporation, including the good will of the business; that said assets constituted all the assets of value of the bankrupt corporation, and were in any event a substantial, integral part of said assets, to the extent that the exercise of the power of sale would wipe out the corporation as a going concern, Keenan v. Zemaitis, supra [(D. C.) 4 F.(2d) 572]; that the officers of said corporation were never authorized to execute and deliver a mortgage by a vote of two-thirds of the outstanding capital stock at a meeting of the stockholders called for the purpose of granting such authority.

"The situation is not changed by the fact that the mortgage as to the personal property was not recorded as required by Massachusetts General Laws, chapter 255, § 1; it was valid as between the parties to it without such recording.

"The trustee is entitled to contest the validity of the mortgage. Commerce Trust Co. v. Chandler, supra.

"The mortgage was given for lawful consideration, and in every way the transaction was entered into by the parties in good faith.

"With reluctance I am constrained to find that the mortgage is invalid (1) as to the personal property, because not recorded as required by the laws of the Commonwealth of Massachusetts; (2) as a whole because it was not executed by authority of the stockholders."

No additional facts or testimony were submitted to the District Judge; he dealt with the case on the referee's report. He held, in effect, that on the report taken as a whole it appeared that the mortgage did not cover all the property of the mortgagor and was therefore not within the terms of the statute; and that the referee's conclusion to the contrary was inconsistent with facts found and was clearly wrong. He therefore entered a decree sustaining the mortgage.

A referee's findings "have every reasonable presumption in their favor, and should not be set aside or modified, unless it clearly appears that there was error or mistake on his part." Maxey, J., Southern Pine Company v. Savannah Trust Company, 141 F. 802, 805 (C. C. A. 5). See, too, Ohio Valley Bank Company v. Mack, 163 F. 155, 24 L. R. A. (N. S.) 184 (C. C. A. 6); In re Swift (D. C.) 118 F. 348. Upon a careful examination of the record, we are unable to agree with the District Judge. The critical findings of the referee do not appear to us to be clearly wrong. Without undertaking to analyze the evidence and findings in detail, we think the referee's conclusion that the omitted assets were of relatively slight value and importance was by no means unreasonable. We do not doubt that the conveyance of the land on which the hotel stood, together with the hotel building, its fixtures and furnishings, was quite sufficient to carry with it the good will of the business. Canadian Club Beverage Company v. Canadian Club Corporation, 268 Mass. 561, 168 N. E. 106. In view of the purpose of the statute, which was carefully considered by this court in Commerce Trust Company v. Chandler, 284 F. 737, we think the word "all" in it is by no means to be overemphasized. As to general assignments for the benefit of creditors, it is well settled that the reservation of unimportant assets does not prevent the conveyance from being an act of bankruptcy (United States v. Hooe, 3 Cranch, 73, 2 L. Ed. 370; Mussey v. Noyes, 26 Vt. 462); and we perceive no reason why a stricter rule should be applied under the statute before us. Where the property conveyed, or mortgaged, is of such important character that the mortgagor could not possibly carry on business without it, and the good will of the mortgagor's business is included, we think the conveyance or mortgage is within the statute unless the omitted property has substantial value and importance when considered in relation to the property conveyed or mortgaged.

The decree of the District Court is vacated and the case is remanded to that court with instructions to enter a decree that the mortgage is invalid; the appellant recovers costs of appeal.