## GREENE v. RECONSTRUCTION FINANCE CORPORATION et al.

### No. 3391.

Circuit Court of Appeals, First Circuit.

Nov. 12, 1938.

John F. Groden, of Boston, Mass. (J. Raymond Spence and Devine, York, & Russell, all of Boston, Mass. on the brief), for. appellant.

Harry Bergson, of Boston, Mass., for appellee Reconstruction Finance Corporation.

Before BINGHAM and WILSON, Circuit Judges, and BREWSTER, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a decree of the federal District Court for Massachusetts of August 9, 1938, in an equity suit brought April 22, 1938, by Russell D. Greene, trustee in bankruptcy of the Concrete Materials Company, against the Reconstruction Finance Corporation to enjoin the foreclosure of two mortgages held by the latter corporation and to declare the same null and void as not having been properly authorized by the stockholders of the Concrete Materials Company.

It appears that on July 15, 1935, the Concrete Materials Co., a Delaware corporation, executed a mortgage of all its real estate and a mortgage of all its machinery and equipment to the Stabile Bank and Trust Company to secure a note of $60,000 upon which $45,000 was advanced on August 2, 1935; that the Stabile Bank and Trust Company at once assigned the note and mortgages to the Reconstruction Finance Corporation; that the mortgages were authorized by a vote of the directors of. the Concrete Company, but there was no record of any resolution of the stockholders antedating the vote of the directors authorizing the execution of the mortgages; that all the property, real and personal, was located in Massachusetts; that on February 3, 1936, after the execution of the mortgages the stockholders of the Concrete Materials . Company held their annual meeting, at which it appears,—

"All affairs of the Company were discussed at length and the following resolutions were unanimously adopted:

" 'Resolved, that all actions taken by the Board of Directors during the previous year are unanimously approved * * *

" 'Resolved, that the officers of the Company are hereby empowered to arrange for further advance of $15,000 upon $60,000 loan from Reconstruction Finance Corporation, upon which payment of $45,000 has already been received, to take care of immediate and future financial needs of the Company.' "

That subsequently the Concrete Materials Company was adjudged a bankrupt and Mr. Greene, who brought this suit, was appointed its receiver and trustee in bankruptcy; that the cause was referred to a special master, who filed a report sustaining the validity of the mortgages, which report was confirmed by the District Court. It is from a decree dismissing the bill that this appeal is taken.

The District Court sustained the findings and rulings of the master to the effect, among others, (1) that the mortgages were substantially of all the property and the

good-will of the Concrete Materials Company and constituted a sale within the meaning of Section 65, Chap. 65 of the Revised laws of Delaware, Rev.Code 1935, § 2097, which reads as follows:

"Sec. 65. *Sale of Assets and Franchises:*—Every corporation organized under the provisions of this Chapter, may at any meeting of its Board of Directors, sell, lease or exchange all of its corporate property and assets, including its good will and its corporate franchises, upon such terms and conditions and for such consideration, which may be in whole or in part shares of stock in, and/or other securities of, any other corporation or corporations, as its Board of Directors shall deem expedient and for the best interests of the corporation, when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding having voting power given at a stockholders' meeting duly called for that purpose, or when authorized by the written consent of the holders of a majority of the voting stock issued and outstanding, provided, however, that the Certificate of Incorporation may require the vote or written consent of the holders of a larger proportion of the stock issued and outstanding."

(2) That the mortgages were not properly authorized by the vote of the board of directors, unless a majority of the stockholders voted therefor or gave their written consent in advance of the vote of the directors and in the manner provided by the statute; that the failure to properly authorize the mortgages in advance of the vote of the directors did not render the mortgages void but voidable only; (3) that the mortgages were valid, they having been later ratified, as the master found, by a majority of the stockholders; and (4) relying on Commerce Trust Company v. Chandler, 1 Cir., 295 F. 241, and McDonald v. First National Bank of Attleboro, 1 Cir., 70 F.2d 69, the court held that the trustee in bankruptcy could question the power of the directors to authorize the issuance of the mortgages and assert their invalidity.

It further appears that the Certificate of Incorporation issued to the Concrete Company under the laws of Delaware provided that,—

"In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized: * * * to authorize and cause to be executed mortgages and liens upon the property and franchises of this corporation."

Also that the by-laws of the company provided that—

"The board of directors shall have, in addition to such powers as are hereinafter expressly conferred on it, all such powers as may be exercised by the corporation, subject to the provisions of the statute, the certificate of incorporation and the by-laws. The board of directors shall have power: * * * To create, make and issue mortgages."

And the Revised Code of Delaware, in Section 2 (section 2034), Chap. 65 empowers every corporation—

"4. To hold, purchase and convey real and personal estate, and to mortgage or lease any such real and personal estate with its franchises; * * *."

Section 9 (section 2041) provides:

"The business of every corporation organized under the provisions of this Chapter shall be managed by a Board of Directors, except as hereinafter or in its Certificate of Incorporation otherwise provided. * * *"

If it be here assumed (but not decided) that the power to mortgage conferred upon the board of directors of the Concrete Materials Company by its Certificate of Incorporation, its by-laws, and Sections 2 and 9 of the Revised Code of Delaware was subject to the qualifications contained in Section 65 of that Code, in case the mortgages covered all of its property and assets, including good-will and corporate franchise, and was equivalent to a sale thereof and that this is the correct construction of the Delaware statutes (see, however, In re De Camp Glass Casket Company, 6 Cir., 272 F. 558, 564, 565; In re Ann Arbor Mach. Corporation, 6 Cir., 274 F. 24, 28), we think that the decree dismissing the plaintiff's bill must be sustained for the reason that the trustee in bankruptcy, as the representative of the creditors or the corporation, could not question the authority of the directors to authorize the execution of the mortgages. It is true that this court on February 5, 1924, in Commerce Trust Company v. Chandler, 1 Cir., 295 F. 241, held that an equity receiver of an insolvent corporation was entitled to contest the validity of an alleged mortgage on the ground that it did not comply with the statutes of Massachusetts requiring a vote of two-thirds of all the stock, though the stockhold-

ers did not contest its validity; and again, on April 4, 1934, in McDonald v. First National Bank of Attleboro, 1 Cir., 70 F.2d 69, held that a trustee in bankruptcy could do the same. But in view of the decision of the Supreme Court in Royal Indemnity Co. v. American Bond & Mortgage Co., 289 U.S. 165, 166, 170, 171, 53 S.Ct. 551, 77 L. Ed. 1100, decided April 10, 1933, we are forced to the conclusion that these holdings were erroneous. It is certain that the decision of the Supreme Court was not called to the attention of this court at the time the McDonald Case was before it.

The second question before the court in the American Bond Company Case was stated (page 166, 53 S.Ct. page 552) as follows:

"Have creditors standing to ask the vacation of an adjudication based on a petition filed by authority of the directors of the bankrupt, where a statute of the state of incorporation forbids transfer, except in the usual course of business, of the franchises or assets of the company, without stockholders' assent?"

There the respondent was a Main corporation having its principal place of business at Chicago, Ill., and Section 63 of Chap. 56 of the Revised Statutes of Maine provided:

"Sec. 63. *Corporation not to sell franchises or entire property without consent of stockholders.* * * * No corporation shall sell, lease, consolidate or in any manner part with its franchises, or its entire property, or any of its property, corporate rights or privileges essential to the conduct of its corporate business and purposes, otherwise than in the ordinary and usual course of its business, except· with the consent of its stockholders at an annual or special meeting, the call for which shall give notice of the proposed sale, lease or consolidation. All such sales, leases and consolidations shall be subject to the provisions of this and the eleven following sections, and to the prior lien of stockholders as therein defined."

Having set out the above section of the statute, the opinion proceeds:

"We are told that this statute prohibits the filing of a voluntary petition in bankruptcy by authority of a resolution of the board of directors, and that a shareholders' vote is required to authorize such action. No case decided by the Maine courts is cited in support of this assertion. But it is said that the filing of such a petition is a conveyance of all of the corporate property,

and so plainly within the statutory prohibition. We cannot agree. The petition in a voluntary or involuntary proceeding is a pleading. The entry of an adjudication vests title in the trustee, and this is the act of the court, not of the petitioner. Moreover, it seems too plain to need elaboration that the statute does not in terms affect the initiation of a bankruptcy proceeding, and was passed for a wholly different purpose.

"We might rest our decision as to the second question upon this ground. But there is another equally persuasive. Statutes such as the one relied on are intended for the protection of stockholders and have nothing to do with the interests or rights of creditors. Even if action of directors authorizing the filing of a voluntary petition, or admitting inability of the corporation to pay its debts and its willingness on that ground to be adjudged a bankrupt, thus creating an act of bankruptcy under section 3a(6) of the act [11 U.S.C.A. § 21(a) (6)] were in excess of the authority conferred, or otherwise invalid, creditors could not for that reason attack the consequent adjudication. The question is purely one of the internal management of the corporation. Creditors have no standing to plead statutory requirements not intended for their protection. If the stockholders' rights had been infringed, and they chose to waive them, a creditor could not assert them in opposing an adjudication."

It is apparent from the foregoing opinion of the Supreme Court that the trustee in bankruptcy, as the representative of the creditors, could not question the validity of the mortgages.

Then again, the District Court held that the mortgages were not void but voidable. In other words, that they were contracts made by the corporation within the scope of its corporate powers, not contracts that it could not make in any way or manner or under any circumstances, and were capable of ratification by estoppel. The corporation is. estopped to question their validity. It received the consideration for the mortgages and has kept the same.

■ Furthermore, the provisions of Sec. 65 of the Delaware Code were not enacted for the protection of the corporation or of its creditors, but were intended for the protection of stockholders only.

For these reasons the trustee in bankruptcy, as the representative of the corporation as well as of the creditors, cannot question the validity of the mortgages. Wester-

lund v. Black Bear Mining Co., 8 Cir., 203 F. 599, 612-614, and cases there cited; Galbraith v. First National Bank, 8 Cir., 221 F. 386; Dold Packing Co. v. Doermann, 8 Cir., 293 F. 315, 328.

The stockholders have not questioned the authority of the directors to issue the mortgages or their validity, and they have been in existence now for more than three years. The master found that they had approved the action of the directors in issuing the mortgages, though subsequent to the vote of the directors authorizing their issuance.

The decree of the District Court must be affirmed for the reason that the trustee in bankruptcy, as the representative of the creditors or of the corporation, cannot question the validity of the mortgages.

For this reason the decree of the District Court is affirmed, with costs to the appellees.