PINSON et al. v. ABBOTT.

COLORADO SPRINGS NAT. BANK v. PINSON et al. (ABBOTT, Third-Party Defendant).

KNERR et al. v. PINSON et al.
Civ. Nos. 1572, 1644, 1647.

United States District Court
D. New Mexico.

Sept. 29, 1950.

The first cause is an action brought by W. G. Pinson, administrator of the estate of Lillian Edith Pinson, and W. G. Pinson, individually, against Helen R. Abbott. The complaint is in two causes of action. In the first cause of action Pinson, as administrator, seeks damages for the injuries and death of his wife, and for funeral expenses. In the second cause of action, Pinson, individually, seeks recovery for damages to the automobile owned by him and driven by Lillian Edith Pinson. By answer, Helen R. Abbott denies negligence on her part, pleads that the negligence of Lillian Edith Pinson was the proximate cause or a contributing cause of the accident; and by counterclaim she seeks damages against Pinson, as administrator, and against him individually. By reply, Pinson, as administrator, and individually, pleads generally that the counterclaim fails to state a claim against Pinson, as administrator, upon which relief can be granted, and further that recovery cannot be had on the counterclaim for the reason that the estate of Lillian Edith Pinson is pending in the probate court of Union County, New Mexico, and that no claim of Helen R. Abbott has ever been filed in the probate proceeding and notice thereof given as required by the law of New Mexico.

The second cause was instituted by The Colorado Springs National Bank, administrator of the estate of W. Lewis Abbott, deceased, against W. G. Pinson, administrator, and W. G. Pinson, individually. By answer, W. G. Pinson, administrator, pleads generally that the complaint fails to state a cause of action for which relief can be granted, and further that no claim arising out of the death of W. Lewis Abbott has been filed in the probate proceedings of the estate of Lillian Edith Pinson. Defendant Pinson, as administrator, and individually, was permitted to bring in Helen R. Abbott as a third-party defendant; and by third-party complaint he seeks judgment against her for all sums which plaintiff may recover against him, or in the alternative for contribution. Helen R. Abbott, as third-party defendant, denies liability on her part but she does not seek any affirmative relief.

Crampton & Robertson and Robert S. Skinner, all of Raton, N. M., for W. G. Pinson, administrator, and individually.

Haney & Howbert, of Colorado Springs, Colo., and Gilbert & Gilbert, of Santa Fe, N. M., for Colorado Nat. Bank.

Watson, McIntosh & Watson, of Santa Fe, N. M., for Jean Reid Knerr, Horace C. Knerr, and Rosanne S. Knerr.

Gilbert & Gilbert, of Santa Fe, N. M., for Helen R. Abbott.

BRATTON, Circuit Judge.

These suits arise out of a collision of two automobiles on a highway in New Mexico. Stated briefly, these facts are alleged on the face of the pleadings. W. G. Pinson owned one of the automobiles involved in the accident, and it was being driven by Lillian Edith Pinson, his wife. Lillian Edith Pinson was injured and died instantly or shortly after the accident, and W. G. Pinson was later appointed and qualified as the administrator of her estate. Helen R. Abbott was driving the other automobile involved in the collision. Her husband, W. Lewis Abbott, was riding in the automobile and he was killed as a result of the accident. Jean Reid Knerr, sister of Helen R. Abbott, and Rosanne S. Knerr, daughter of Jean Reid Knerr and niece of Helen R. Abbott, were riding in the automobile, and they sustained personal injuries. And Helen R. Abbott was also injured.

The third cause was instituted by Jean Reid Knerr, Horace C. Knerr, and Rosanne S. Knerr, against W. G. Pinson, administrator, W. G. Pinson, individually, and Helen R. Abbott. The complaint is in four counts. In the first count, Jean Reid Knerr seeks damages against the three defendants for personal injuries alleged to have been proximately caused by negligence in the operation of both automobiles. In the second count, Horace C. Knerr, husband of Jean Reid Knerr, seeks damages against all three defendants for sums paid for medical, nursing, and hospital services rendered to his wife in connection with her injuries, and for sums paid for household services made necessary by her injured condition, and damages for the deprivation of the assistance and services of his wife. In the third count, Rosanne S. Knerr seeks damages against all three defendants for personal injuries and expenses incurred for medical, surgical, hospital, nursing, and other expenses. And in the fourth count, Horace S. Knerr seeks damages against all three defendants for expenses which he incurred for medical, surgical, hospital, nursing, and other services rendered to his daughter, Rosanne S. Knerr. Again W. G. Pinson, administrator of the estate of Lillian Edith Pinson, pleads in his answer that each count in the complaint fails to state a claim for which relief can be granted, and further that neither plaintiff has filed a claim in the probate proceeding of the estate of Lillian Edith Pinson.

W. G. Pinson, administrator, filed in each case a motion for summary judgment in his favor insofar as recovery is sought against him as administrator for the reason that there is no material fact in issue as to the failure to file any claim in the probate proceeding involving the estate of Lillian Edith Pinson, deceased, arising out of the accident to which reference has been made and that he is entitled to judgment as a matter of law. The cases were consolidated for trial. At the oral argument on the motions for summary judgment, a certificate of the clerk of the probate court of Union County was tendered certifying that no claim predicated upon injuries arising out of the accident referred to has been filed in the proceeding involving the estate of Lillian Edith Pinson.

The question posed on the face of the pleadings, brought into focus by the motions for summary judgment, and ably presented on oral argument and in briefs subsequently filed at the request of the court, is whether a suit for damages arising out of the alleged negligence on the part of Lillian Edith Pinson in the operation of the automobile belonging to her husband may be maintained against the administrator of her estate without a claim having been presented in the probate proceeding of her estate. Section 33-802, New Mexico Statutes Annotated 1941, provides that it shall be the duty of the probate judge to hear and determine claims against an estate; that all such claims shall be stated in detail, sworn to, and filed; that five days notice of the hearing thereof, accompanied by a copy of the claim, shall be served on the executor or administrator, unless the claim shall have been approved by the executor or administrator, in which case it may be allowed by the judge without such notice. And section 33-803 provides that all claims against an estate not filed and notice given, as provided in the preceding section, within six months from the date of the first publication of notice of the appointment of the executor or administrator, shall be barred; and that no suit upon any claim shall be maintained unless it be begun within twelve months after the date of the first publication of the notice of the appointment of the executor or administrator. With certain changes presently to be noted, section 33-803 appeared as section 2062, Compiled Laws 1897, section 2278, Code 1915, and section 47-505, Compiled Statutes 1929. In its earlier form it provided that claims not filed in a probate proceeding and notice given within one year from the date of the appointment of the executor or administrator should be barred. By chapter 136, section 1, Laws of 1937, it was amended to provide that claims not filed and notice given within six months from the date of the first publication of notice of the appointment of the executor or administrator shall be barred.

In Buss v. Dye, 21 N.M. 146, 153 P. 74, the suit was against the administrator of an estate. The claim was not presented for allowance either to the administrator or the probate court within one year after the appointment of the administrator. After the expiration of that time, it was presented and disallowed by the administrator and the probate court for the reason that it was barred. The suit followed. It was held that all claims against the estate of a deceased person must be filed and notice given within the time fixed in the statutes, and that all claims not so filed shall be barred. The case of In re Landers' Estate, 34 N.M. 431, 283 P. 49, involved among other things two claims against an estate which were not filed in the probate proceeding within one year after the appointment of the administrator. It was held that while it was not necessary that the hearing on a claim be held within one year after the appointment of the executor or administrator, the requirements of the statute that the claim be filed and notice thereof given within the time fixed by the statute must be met, otherwise the claim is barred. And the court further said that neither the attitude of the heir of the decedent towards a claimant nor the effort of the administrator to avoid the statutory bar can avail anything. In the case of In re Baeza's Estate, 41 N.M. 708, 73 P.2d 1351, the claim was filed with the probate court within twelve months after the first publication of the notice of the appointment of the administrator but no notice of a hearing was given within that time. The court said that the statute was one of limitations unequivocally barring all claims against the estates of deceased persons which are not filed and notice given in the manner therein provided. And the court further said that the statute was mandatory; that it pointed the path a claimant must follow if he would have his claim allowed; and that the penalty for deviation from the path bars the claim. In Counts v. Woods, 46 N.M. 273, 127 P.2d 398, the decisive question presented was whether the presentation and approval in the probate proceeding of a claim against a deceased person is necessary in order to make it available as a setoff in a suit by the administrator or distributee of the estate. But the court took occasion to say that the statute contemplates that all claims be filed and notice given within the specified time or be barred; and that for an account owing by an estate to remain collectible, the claim must be seasonably filed and notice given. And in Floyd v. Towndrow, 51 N.M. 193, 181 P.2d 806, the suit was by an administrator to recover upon a promissory note. The defendants admitted the execution and delivery of the note but counterclaimed for a larger amount. A claim for the indebtedness upon which the counterclaim was predicated had been seasonably filed in the probate proceeding but not allowed. It was held that in the absence of approval of the claim in the probate proceeding, the indebtedness could not be pleaded as a counterclaim. And in Fidelity & Deposit Co. of Maryland v. Hobbs, 10 Cir., 144 F.2d 5, it was held that under the statute a contingent claim against the estate of a deceased person must be filed in the probate proceeding and notice thereof given within the time fixed in the statute, otherwise it is barred.

In some of the cases just reviewed it affirmatively appears that the claim or claims were based upon contract. In others the nature of the claim or claims does not appear. But in none of the cases did the court indicate that the statute is limited to claims arising out of contract and has no application to claims sounding in tort. There is no intimation in any of the cases that claims based upon contract are within the statute but those sounding in tort are excluded from it. The cases will be searched in vain for any suggestion in that direction. Instead, the supreme court of the state iterated and reiterated in broad language that all claims against the estate of a deceased person must be seasonably filed for allowance in the probate proceeding and notice thereof given within the time specified in the statute, otherwise they are barred. And the sweep of that seemingly all-inclusive language cannot be overlooked.

█ Since the exact question has not been squarely determined by the highest court in New Mexico, it is appropriate to turn to other states having statutes identical

or fairly comparable to that in New Mexico. While there is some contrariety of opinion, it is held in certain states having such statutes that a claim against the estate of a deceased person for unliquidated damages arising out of tort must be seasonably filed in the probate proceeding of the estate of such deceased person or it is barred with the result that a suit cannot be maintained upon it. Simpson v. Gafney, 66 N.H. 261, 20 A. 931; Hackensack Trust Co. v. Vanden Berg, 92 N.J.L. 412, 105 A. 719; Pierce v. Johnson, 136 Ohio St. 95, 23 N.E.2d 993, 125 A.L.R. 867; Williams v. Williams, 217 Ind. 581, 29 N.E.2d 557; Des Moines Transportation Co. v. Haring, 238 Iowa 395, 27 N.W.2d 210.

In an effort to sustain the right to seek damages from the administrator without having filed any claim in the probate proceeding, it is argued that under the law of New Mexico the probate court does not have jurisdiction to entertain and adjudicate unliquidated claims of the kind and in the respective amounts involved here, and that therefore it cannot be said that the legislature intended that such claims be filed in the probate proceeding or be barred. It may be conceded without deciding that the probate court is without jurisdiction to entertain, determine, and allow claims of the kind and in the respective amounts upon which recovery is presently sought against the administrator. But that is not decisive. In the case of In re Baeza's Estate, supra, it was said that the statute was enacted to apprise the administrator and the probate judge of claims against the estate of the decedent and to facilitate the closing of estates with safety. Whatever may have been the underlying considerations which prompted the enactment of the statute, it was well within the power of the legislature in exercise of its judgment to provide that unless such claims are filed within the time fixed, they become barred. The highest court of the state has held in general language that the statute has application to all claims and it is not for this court to narrow or proscribe its effective scope by strained or tortured construction.

In a further effort to sustain the right to proceed against the administrator without having filed any claim in the probate court, it is argued that section 33-803, supra, is procedural, not substantive; and that it cannot interfere with this court in a case in which it has jurisdiction of the subject matter. These are transitory actions and the jurisdiction of the court rests upon diversity of citizenship with the requisite amount in controversy. It was said in Re Baeza's Estate, supra, that the statute is one of limitations. That case was an appeal in the probate proceeding rather than an independent action against the administrator. But if the statute when invoked in an independent suit against the administrator is in essence one of limitations, it has application in these transitory actions in which the jurisdiction of this court rests upon diversity of citizenship. Underwood v. Patrick, 8 Cir., 94 F. 468. And if the statute when invoked in an independent action against the administrator to recover damages for tort extinguishes or takes away the right of recovery unless the claim was seasonably filed in the probate proceedings, it likewise has application here. Rickman v. E. I. Du Pont De Nemours & Co., 10 Cir., 157 F.2d 837.

The motions for summary judgment insofar as recovery against W. G. Pinson, as administrator, is concerned will be severally sustained.