### In re SEMOLINA MACARONI CO.
#### No. 6450.

United States District Court
D. Rhode Island.
Dec. 18, 1952.

454

John T. Keenan, Charles J. McGovern, Providence, R. I., trustees, for referee.

Philip B. Goldberg, Providence, R. I., for Rene Octeau.

LEAHY, District Judge.

This is a petition by Rene Octeau for review of an order and decision of the Referee in Bankruptcy, in Bankruptcy proceeding No. 6450, disallowing a claim filed by said Octeau against the bankrupt, and allowing a counterclaim of the trustees in bankruptcy against said Octeau.

No oral testimony was offered in this Court, the matter being heard on the report, findings, and order of the Referee, oral arguments, and a brief filed on behalf of the trustees. Apparently there is no substantial dispute as to the essential facts involved in this matter.

It appears that the petitioner and ten others formed an association, called Cimini Associates, for the purpose of purchasing the capital stock of Semolina Macaroni Company, the now bankrupt corporation, from the International Commercial Corporation, which then owned said stock. Joseph A. Cimini was duly appointed by the group to act as their agent in the purchase of this stock. Acting for the group he entered into what apparently was an optional purchase agreement with the then owner of the stock. Thereafter, by a formal instrument in writing, dated September 19, 1949, the associates agreed in effect to take over the Cimini option and to purchase the bankrupt's stock, said stock to be distributed among the associates in proportion to the amount contributed by each. The petitioner had agreed to pay a total of $10,000 towards the purchase of this stock. Of this amount he paid $9,-500, leaving a balance due from him of $500. All others of the group paid the full amounts which they had agreed to contribute.

On November 26, 1949 the petitioner wrote a letter to the bankrupt offering for sale all of his interest therein. Acting on this offer the bankrupt purchased the petitioner's stock for the sum of $9,500. In payment therefor the bankrupt issued to him its promissory note in that amount with interest.

The petitioner's claim against the bankrupt is based on this unpaid promissory note

for $9,500 and upon an uncollected check of the bankrupt issued to the petitioner in the amount of $319.55, representing interest on the note.

The trustees' counterclaim against the petitioner is based on the unpaid $500 allegedly due the bankrupt.

The Referee found that the agreement of the bankrupt to purchase its own stock from the petitioner was made at a time when such purchase would impair the capital of the bankrupt. He concluded that said agreement was for that reason in fraud of the rights of creditors and that consequently the promissory note given in payment for said stock, and the check given in payment of the interest on the note, were void and unenforceable. He found further that an agreement, apparently made on behalf of the bankrupt, to cancel the petitioner's obligation to complete his payments under the contract of September 19, 1949, was also void and unenforceable, such cancellation also being in fraud of the rights of creditors.

The Referee, therefore, disallowed the petitioner's claim in the sum of $9,819.55 for the said note and interest, and allowed the trustees' counterclaim in the sum of $500 for the balance due from the petitioner.

General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53, provides in part as follows:

"* * * the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

See Brown v. Freedman, 1 Cir., 1942, 125 F. 2d 151; McDonald v. First Nat. Bank of Attleboro, 1 Cir., 1934, 70 F.2d 69.

■ Under the laws of Rhode Island a corporation has the power to purchase its own stock, but it cannot use its funds or property to purchase its stock when such use would cause an impairment of its capital. Rhode Island General Laws of 1938,

Chap. 116, Art. II, § 5(g); Cleveland v. Jencks Manufacturing Co., 1934, 54 R.I. 218, 171 A. 917. The Referee has found as a fact that the agreement made on behalf of the bankrupt to purchase its own stock from the petitioner was made at a time when the purchase would cause an impairment of the capital of the bankrupt. This finding appears to be supported by the evidence as reported by the Referee. In any event, whether or not the bankrupt was solvent when the agreement to purchase its stock was made, the contract cannot be enforced after the corporation has been adjudged bankrupt. Keith v. Kilmer, 1 Cir., 1919, 261 F. 733, 9 A.L.R. 1287, certiorari denied 252 U.S. 578, 40 S.Ct. 344, 64 L.Ed. 725; Robinson v. Wangemann, 5 Cir., 1935, 75 F.2d 756.

■ Under the circumstances of this case, the Rhode Island law barring the purchase by a corporation of its own stock at a time when such a purchase would impair the corporation's capital renders this note and check for interest thereon void and unenforceable, and does not warrant the allowance of the petitioner's claim against the bankrupt.

■ In opposing the allowance by the Referee of the trustees' counterclaim for $500, counsel for the petitioner argued in this Court that under the agreement of September 19, 1949 there was no privity of contract between the bankrupt and the petitioner, and that therefore the bankrupt could claim no advantage thereunder. This contract of September 19, 1949 is not entirely clear in its provisions, but it is apparent that it was in part, at least, for the benefit of the bankrupt, in that a portion of the money contributed by the associates was to be used "for the operation of the said Semolina Macaroni Company", and that a part of the stock to be purchased by the Cimini Associates was to be held by the bankrupt as treasury stock. The Referee concluded that the bankrupt accepted this contract made for its benefit, and that it was therefore entitled to enforce the claim involved here against the petitioner. The Court finds no error in this conclusion. U. S. Fidelity & Guaranty Co. v. R. I. Covering Co., 1933, 53 R.I. 397, 167 A. 143.

456

The question then arises as to whether or not the oral release by a majority of the stockholders, apparently acting for the bankrupt, was effective to relieve the petitioner of his obligation to pay to the bankrupt the unpaid portion of his contribution. It is evident that the Referee concluded that this obligation was an asset of the bankrupt; that its release was a part of the consideration for the sale of the petitioner's stock to the bankrupt; and that the attempted cancellation of his obligation was ineffective by reason of the financial condition of the corporation. The Court finds no error in these conclusions.

The Referee's report is adopted; his findings of fact and conclusions of law are accepted; and his order is affirmed.