**UNITED STATES** of America,
Appellant,

v.

**Glenn JONES, Trustee of the Independent Plow, Inc., Bankrupt, Appellee.**

**No. 5119.**

United States Court of Appeals
Tenth Circuit.

Dec. 5, 1955.

Rehearing Denied Jan. 11, 1956.

William W. Ross, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., William C. Farmer, U. S. Atty., Wichita, Kan., and Samuel D. Slade, Washington, D. C., with him on the brief), for appellant.

Ferd E. Evans, Jr., Wichita, Kan., for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This appeal is from a judgment confirming an order of the referee denying both the validity of a chattel mortgage lien and the priority claim of the United States as a secured lienholder in the matter of Independent Plow, Inc., bankrupt.

The United States, as transferee of the Reconstruction Finance Corporation,[1] first asserts a secured lien claim against proceeds of the trustee's sale of the bankrupt's assets, under a chattel mortgage executed by the bankrupt to the Reconstruction Finance Corporation. The bankrupt, a Kansas corporation primarily manufacturing farm machinery, had procured a $200,000 defense loan from the R.F.C. under authority of Sections 302 and 304 of the Defense Production Act of 1950, as amended 64 Stat. 798, 801, 802, 50 U.S.C.A. Appendix, §§ 2092, 2094, to enable it to complete its munitions contracts with the United States Army. To secure the payment of its $200,000 promissory note covering the defense loan, the president and secretary of the bankrupt signed and delivered a chattel mortgage (among other security instruments) to the R.F.C. Under the mortgage the bankrupt contracted to mortgage and convey to the R.F.C. "All of the buildings, machinery, equipment, furniture and fixtures, belts, motors, power plants and tools, jigs and dies" and to "pledge all personal property" located on its premises "other than automotive and airplane equipment, inventory and accounts receivable".

The referee denied the validity of the chattel mortgage on the ground that its execution, together with the other security instruments, constituted a sale of all or substantially all of the bankrupt corporation's assets without proper authorization or approval by the shareholders of the bankrupt pursuant to Sec. 17–3801, Kansas Gen.Statutes, 1949 Ed. This section of the statutes empowers a corporation "to make disposition of all or substantially all of its property, assets and good will, or good will, by sale, lease, exchange or otherwise * * * on such terms and conditions and for such considerations as its board of directors may determine, when and as authorized or approved by the vote of the holders of not less than two-thirds in amount of its outstanding shares of capital stock entitled to vote * * * and represented at a meeting duly called for the purpose in accordance with the by-laws * * *."[2]

The R.F.C. asserts the inapplicability of Sec. 17–3801 of the Kansas Statutes for lack of evidence disclosing that a "substantial part" of the bankrupt's property was transferred by the mortgage transactions. And it disputes the standing of the trustee in bankruptcy, as the representative of the creditors of the bankrupt corporation, to question the validity of the chattel mortgage, contending that the statute was passed for the protection of the stockholders only and not for the protection of the creditors of the corporation.

We must sustain as not clearly erroneous the conclusion of the referee, affirmed by the trial court, that the transfer comprised substantially all of the assets of the bankrupt corporation. This

1. Transferred subsequent to the petition in bankruptcy, to the Secretary of the Treasury pursuant to the Reconstruction Finance Corporation Liquidation Act, P.L. 163, 83rd Cong. 1st Sess., 67 Stat. 230, § 104, 50 U.S.C.A.Appendix, § 2261 note, and Executive Order 10489,

18 F.R. 6201, Sept. 29, 1953, 50 U.S.C.A. Appendix, § 2153 note.

2. The Kansas court has extended the application of this statute to chattel mortgages. See First National Bank in Wichita v. Paramount Transit Co., 139 Kan. 808, 33 P.2d 300.

conclusion is manifest from the stated coverage in the chattel mortgage when taken in consideration with the amount of the loan and the insignificant amount recovered in a sale of all the assets in bankruptcy, precluding a continuation of the business of the corporation.

▮ Under the great weight of authority, statutes requiring numerical stockholder approval of a mortgage or transfer of substantially all of the corporate assets are "for the protection of the stockholders and have nothing to do with the interests or rights of creditors." See Royal Ind. Co. v. American Bond & Mortgage Co., 289 U.S. 165, 171, 53 S.Ct. 551, 77 L.Ed. 1100. And on that premise, most of the courts have said that a trustee in bankruptcy or assignee of creditors is without standing to challenge the validity of a mortgage executed by the corporation. Fletcher, Corporations, Vol. 7, § 3119; Greene v. Reconstruction Finance Corp., 1 Cir., 100 F.2d 34. Only New York seems to hold to the contrary, but the second circuit has very recently acknowledged that the New York statute was "designed not for the benefit of creditors but to protect stockholders from improvident, collusive, or unwise acts of the directors." See American Trust Co. v. New York Credit Men's Adj. Bureau, 2 Cir., 207 F.2d 685, 688.

▮▮ The question of the validity of a chattel mortgage given by a bankrupt is, of course, one of local law, and we are bound by the construction of Sec. 17–3801 by the Kansas Court, if that court has spoken. But where state law is silent upon a question and there is a conflict of decisions in other jurisdictions, the Federal court construing the law of the state, will assume that the state court would follow the weight of authority. And see Springfield v. Carter, 8 Cir., 175 F.2d 914; Adam Hat Stores v. Lefco, 3 Cir., 134 F.2d 101; Vandenbark v. Busiek, 7 Cir., 126 F.2d 893; Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co., 4 Cir., 115 F.2d 277; Schwager v. Schwager, 7 Cir., 109 F.2d 754; Pinson v. Abbott, D.C.D.N.Mex.1950, 93 F.Supp. 120; Great American Ind. Co. of New York v. Garrison, D.C., 75 F.Supp. 811; Loughman v. Pitz, D.C., 36 F.Supp. 302; Stevenson v. Richardson County, Nebraska, D.C., 9 F.R.D. 437. There are no Kansas cases dealing with the capacity of a trustee in bankruptcy or an assignee of creditors to challenge the validity of the mortgage under this statute. The referee and the trial court, however, construed First National Bank in Wichita v. Paramount Transit Co., 139 Kan. 808, 33 P.2d 300, cited with approval in Clark v. Pargeter, 142 Kan. 781, 52 P.2d 617, as an indication that the Kansas court would sustain the standing of a trustee in bankruptcy or assignee to attack the validity of a chattel mortgage not executed in accordance with the requirements of the predecessor of Sec. 17–3801.

In the Paramount Transit case an equity receiver did permissibly challenge the validity of the chattel mortgage under the applicable statute. But the question of his capacity to do so was never raised or decided in that case. And the same may be said of the Pargeter case, where the receiver was actually asserting rights against the appellants who were stockholder-creditors of the corporation. But even so, there is a clear and rational distinction between the capacity of a receiver acting as the arm of the court with the power and duty to safeguard the rights of all of the parties and a mere trustee or assignee standing in the shoes of the creditors of a corporation.

▮ We can find nothing in the Kansas receivership cases to indicate that Kansas would depart from the great weight of authority on the question of the capacity of a trustee in bankruptcy or an assignee of creditors to challenge the validity of the mortgage under a statute obviously enacted solely for the benefit of the stockholders of a corporation. We hold, therefore, that the R.F.C. is entitled to the status of a preferred creditor in its claim against the bankrupt. And this conclusion is dispositive of all other questions presented on appeal.

Judgment is reversed.