William A. **SCHMITT**, Trustee of Gold Medal Packing Corp., Bankrupt

v.

Eli **JACOBSON**, M. Howard Jacobson, Irving W. Jacobson, and John Jacobson.

Civ. A. No. 68–300–W.

United States District Court
D. Massachusetts.

Dec. 30, 1968.

## OPINION

WYZANSKI, Chief Judge.

Defendants move for summary judgment on the eleventh, twelfth, and thirteenth counts.

The counts under attack allege that three individual defendants as officers, directors, and stockholders of the bankrupt corporation injured the stockholders and creditors of the bankrupt, and, (so far as concerns Count 12, par. 82, and Count 13, par. 84) the bankrupt corporation as well, by the individual defendants' conspiracy not to disclose to the bankrupt's stockholders and creditors the use to which sales of the bankrupt's stock would be put and by improperly using such proceeds.

The pleading indicates nothing showing that the bankrupt lacked authority to sell the stock, or failed to comply with technical conditions precedent for its issuance, or failed to receive the proceeds of the stock, or failed to apply the proceeds for the bankrupt's benefit. What is alleged is that the individual defendants "failed and neglected to disclose to the creditors and stockholders of the bankrupt and to the persons who purchased said stock that the proceeds from the sale of said stock would be used to pay off debts owing by bankrupt," (11th Count); that because there was a "failure of defendants to properly apply said funds obtained from the sale of said stock for working capital * * * Bankrupt sustained losses" (12th Count); and that "because of the diversion of said funds as aforesaid and the neglect and failure of Defendants to properly apply said funds obtained from the sale of said stock for working capital, Bankrupt in 1961 lost profits."

Joseph P. Dunn, Jr., Boston, Mass., Laurence F. Sovik, Syracuse, N. Y., M. Gilbert Hubbard, Utica, N. Y., for plaintiff.

John M. Harrington, Jr., Ropes & Gray, Boston, Mass., Charles Seligson, Harvey R. Miller, Seligson & Morris, New York City, for defendants.

Insofar as plaintiff, who sues solely as a trustee in bankruptcy, seeks to present claims belonging to stockholders the complaint is without merit. A trustee in bankruptcy cannot recover on behalf of the bankrupt's stockholders. United States v. Jones, 229 F.2d 84, 58 A.L.R.2d 778 (10 Cir., 1955); Greene v. R. F. C., 100 F.2d 34 (1st Cir., 1938).

Insofar as plaintiff seeks to present claims belonging to the bankrupt there is no comparable problem. What is, therefore, necessary is to examine the pleading to see whether any claims derived from the bankrupt corporation itself are properly alleged.

Counts 11, 12, and 13 cover closely related conduct and indeed are directed severally at three successive steps.

The eleventh count, although it makes a brief reference in paragraph 79 to illegal payments of the proceeds, leaves to Count 12 and paragraph 82 the claim based on such supposed misapplications. What Count 11 focuses on is the individual defendants' failure to disclose in advance how the corporation would use the proceeds of the stock issue. That failure if it occurred was not a wrong to the creditors, and it is difficult to see how it could be thought to have wronged the corporation which received the proceeds. It would be too thin a contention to urge that the individual directors mismanaged the corporation by subjecting it to claims by deceived subscribers to the stock. No such supposititious victims are shown to exist. Whatever damages the corporation suffered by way of diversion of assets or loss of profits (if the corporation was indeed so injured) are covered in Counts 12 and 13. Indeed, examined carefully, Count 11 charges no wrong to the bankrupt corporation, as distinguished from its shareholders and creditors. Count 11 must be dismissed.

But the twelfth and the thirteenth counts complain that the directors failed properly to manage the corporation in that they misapplied the proceeds of the stock issue so that the corporation lost money and did not make profits.

■■ Where directors mismanage a corporation, and it becomes bankrupt, the trustee in bankruptcy succeeds to the corporation's claim against the directors. This truism is sometimes forgotten because the garden-variety of action against corporate directors seems, but only seems, to be brought as a stockholder's direct action against the directors. In fact, the stockholder's action is derivative. He presents the corporation's claim against the directors. When the corporation has become bankrupt the claim of the corporation inures to the trustee. Mr. Justice Douglas spelled this out in Pepper v. Litton, 308 U.S. 295, 306–307, 60 S.Ct. 238, 245, 84 L.Ed. 281 "A director is a fiduciary. * * * [His] powers are powers in trust. * * While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders." See 9 Am.Jur.2d § 933 for other cases.

If indeed the individual defendants have tortiously mismanaged the bankrupt, they, as quasi-trustees, are liable on three mutually exclusive possibilities (called by such a purist as Professor Austin Wakeman Scott, "alternative remedies." See Scott on Trusts, 2nd ed., Vol. II, § 205, p. 1523). Directors who abuse their trust may be charged "with any loss which resulted from the breach of trust, *or* with any profit made through the breach of trust, *or* with any profit which would have accrued if there had been no breach of trust." Ibid. Restatement, Trusts § 205.

Count 12 presents the first and count 13 the third of "the alternative" possible remedies. It is too early to require plaintiff to elect between the two counts.

Defendants' motion for summary judgment granted as to Count 11, denied as to Counts 12 and 13.